J. S67015/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| S.B., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 688 EDA 2016 |
| | : | |
| K.C. | : | |

Appeal from the Order Dated January 29, 2016,
in the Court of Common Pleas of Philadelphia County
Family Court Division at No. 0C0416538

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J. AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 18, 2016**

S.B. ("Mother") appeals from the order entered January 29, 2016, in the Philadelphia County Court of Common Pleas, which granted the Petition to Confirm Relocation to Sarasota, Florida, with the minor child, B.M. ("Child"), born in April of 2004, filed by K.C. ("Maternal Grandmother").  The order further allowed Maternal Grandmother to retain primary physical and sole legal custody of Child and suspended Mother's custodial rights until further order of court.  After review, we affirm.

The trial court summarized the relevant procedural and factual history, in part, as follows:

> On December 15, 2004, Mother, ***pro se***, filed a complaint for primary physical and legal custody of the minor child.  On February 9, 20[05], the

---

* Former Justice specially assigned to the Superior Court.

Honorable Myrna P. Field dismissed Mother's complaint for lack of prosecution since Mother failed to appear. On September 9, 2006, Mother filed another complaint for custody requesting primary physical and legal custody of the minor child. On December 21, 2006, a final order was entered by the Honorable Idee C. Fox awarding Mother primary physical and legal custody of the child. Said Order was entered without prejudice to father, who was incarcerated at the time.

On November 11, 2012, Maternal Grandmother filed a Petition to Modify custody seeking primary physical and legal custody of the child. Two days later (November 13, 2012), [Maternal] Grandmother filed a Motion for Expedited relief requesting physical and legal custody of the minor child alleging Mother has a drug addiction and mental health issues.

The Honorable Diane Thompson entered a temporary order on December 20, 2012, resolving [Maternal] Grandmother's Motion for Expedited Relief. Mother failed to appear at this listing. However, Mother's counsel appeared on her behalf. The Court made a finding that Maternal Grandmother has been acting in loco parentis on behalf of the child and has standing to file for primary custody. Maternal Grandmother was awarded primary physical and legal custody of the minor child, while Mother was given supervised physical custody at Maternal Grandmother's home, as agreed and arranged by the parties. Mother and Maternal Grandmother were ordered to forthwith drug and alcohol testing, which Mother failed to appear for.

On April 18, 2013, Maternal Aunt and Paternal Grandmother each filed a Petition to Modify Custody, requesting partial physical custody of the minor child. On July 10, 2013, the Honorable Doris A. Pechkurow awarded Paternal Grandmother periods of supervised partial custody on the first Sunday of every month, gradually increasing from approximately two (2) hours to six (6) hours per visit. Father's custodial rights were suspended.

Maternal Grandmother was to retain primary physical and legal custody of the minor child. Mother was to continue to have supervised physical custody at Maternal Grandmother's home, as agreed and arranged by the parties. Mother again failed to appear at this listing. However, counsel was present on her behalf. Father also failed to appear.

On January 9, 2014, Mother filed a Petition to Modify custody seeking partial physical and shared legal custody of the child. The undersigned issued a temporary order by agreement on September 11, 2014, whereby Maternal Grandmother was to retain primary physical and legal custody of the minor child. Mother was given partial custody to be supervised by Maternal Grandmother. Paternal Grandmother's partial custody was suspended. Father's custodial rights continued to be suspended. Also, Mother was ordered to submit to drug and alcohol testing forthwith, which Mother failed to appear for.

On November 3, 2014, the undersigned dismissed Mother's Petition to Modify for lack of prosecution. Mother again failed to appear in court. The temporary order of September 11, 2014 became a final order of court.

On July 24, 2015, Maternal Grandmother filed a Petition to Confirm Relocation, which included a Notice of Proposed Relocation. A Judicial Pre-Trial Conference regarding relocation was held before the undersigned on December 11, 2015. The conference was scheduled to allow the non-relocating party, Mother, an opportunity to be heard with regard to her position regarding the relocation, and to voice any concerns, questions, and/or objections she may have, instead of granting the relocation solely on the pleading (Petition to Confirm Relocation). However, Mother did not appear. A final order was entered, granting Maternal Grandmother's Petition to Confirm Relocation, allowing her to retain primary physical and sole legal custody of the minor child, with Mother to have partial physical custody as agreed

and arranged between the parties, with Maternal Grandmother to supervise.

After the undersigned stated the terms of the December 11, 2015 Order, Mother's attorney raised an issue as to service of Maternal Grandmother's Notice of Relocation upon Mother. Subsequently and upon reflection, and affording Mother all opportunities possible to be heard on notice and any surrounding issue(s), on December 14, 2015, the undersigned vacated the Order of December 11, 2015 (allowing Maternal Grandmother and the minor child to relocate to Sarasota, Florida) and relisted the case for December 21, 2015, thereby affording Mother yet another opportunity to be heard on the relocation matter. Mother once again failed to appear. However, her counsel was present. A bench warrant was issued for Mother and for her failure to appear, which remains outstanding to date. Mother's counsel was served with [M]aternal Grandmother's Notice of Proposed Relocation and Petition to Confirm Relocation.

On January 29, 2016, a final order was entered by the undersigned granting Maternal Grandmother's Petition to Confirm Relocation to Sarasota, Florida. The Order allows Maternal Grandmother to retain primary physical and sole legal custody of the minor child. Mother's custodial rights are suspended until further order of court.

Trial court opinion, 4/28/16 at 1-4 (footnote omitted).

On March 4, 2016, Mother, through counsel, filed a timely notice of appeal.[1] However, Mother did not file a contemporaneous concise statement

---

[1] While the order was dated January 29, 2016, notice pursuant to Pa.R.C.P. 236 was not provided until February 3, 2016, upon entry on the docket. *See Frazier v. City of Philadelphia*, 735 A.2d 113, 115 (Pa. 1999) (holding that "an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given"). Hence, the notice of appeal was timely filed on March 4, 2016. *See*

of matters complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b), as required.[2]  Therefore, on March 9, 2016, this court ordered Mother to file a statement by March 21, 2016.  After issues with an incorrect address were discovered, additional copies of this order were forwarded to counsel on March 31, 2016; and in response, a statement was filed the following day, on April 1, 2016.[3]

On appeal, Mother raises the following issues for our review:

> 1.  Whether the December 21, 2015 Order[4] is void ***ab initio***, when valid service is not made on [Mother] by [Maternal Grandmother] for the

---

Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken).

[2] In children's fast track matters, such as this matter, a concise statement of errors complained of on appeal is required to be submitted with the notice of appeal.  Pa.R.A.P. 1925(a)(2)(i).

[3] As Mother ultimately complied with this court's order, once forwarded to counsel at the appropriate location, we do not penalize her.  ***See In re K.T.E.L.***, 983 A.2d 745 (Pa.Super. 2009) (failure to file a Rule 1925(b) concurrently with a children's fast track appeal is considered a defective notice of appeal, to be disposed of on a case-by-case basis, and will not be dismissed since failure to file the statement is a violation of a procedural rule); ***Cf. Mudge v. Mudge***, 6 A.3d 1031 (Pa.Super. 2011), and ***J.M.R. v. J.M.***, 1 A.3d 902 (Pa.Super. 2010) (failure to file a Rule 1925(b) statement of errors complained of on appeal, when ordered by the Superior Court, will result in a waiver of all issues on appeal).

Although the trial court argued prejudice and impairment as a result of "prolonged delay," we disagree.  Mother's statement was filed less than one month after her notice of appeal and, notably, only one day after this court's order was forwarded to counsel at the appropriate address.

[4] Mother incorrectly references the December 21, 2015 order, instead of the January 29, 2016 order.

> Notice of Relocation, and if not, whether the Relocation Court obtained personal jurisdiction over Mother to grant [Maternal Grandmother]'s relocation confirmation petition and *sua sponte* remove Mother's custody rights?

> 2. Whether the Relocating Court erred to grant [Maternal Grandmother]'s relocation request, when [Maternal Grandmother] did not with competent valid proof fulfill the statutory requirements to relocate?

Mother's brief at 1.[5]

As we stated in *E.R. v. J.N.B.*, 129 A.3d 521, 527 (Pa.Super. 2015), with regard to our review of a custody order:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings.

---

[5] We observe that, in her brief, Mother stated her issues on appeal somewhat differently from her Rule 1925(b) statement. We, nevertheless, find the issues, aside from her challenge to the issuance of a bench warrant, were preserved for our review. However, while Mother disputes the issuance of a bench warrant in the argument section of her brief, we find that Mother failed to preserve this issue by including it in the statement of questions involved section of her brief. *Krebs v. United Refining Company of Pennsylvania*, 893 A.2d 776, 797 (Pa.Super. 2006) (stating that, a failure to preserve issues by raising them both in the concise statement of errors complained of on appeal and statement of questions involved portion of the brief on appeal results in a waiver of those issues).

> Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.
>
> **V.B. v. J.E.B.**, 55 A.3d 1193, 1197 (Pa.Super. 2012) (citations omitted).
>
> "When a trial court orders a form of custody, the best interest of the child is paramount." **S.W.D. v. S.A.R.**, 96 A.3d 396 (Pa.Super. 2014) (citation omitted). The factors to be considered by a court when awarding custody are set forth at 23 Pa.C.S. § 5328(a).

**E.R.**, 129 A.3d at 527.

Mother essentially argues a lack of service and lack of personal jurisdiction with regard to Maternal Grandmother's Notice of Proposed Relocation. As a result, Mother contends the trial court's order was void and constitutionally invalid.[6] (Mother's brief at 3-8.) In addition, Mother maintains that the trial court erred in granting relocation. Mother avers that the trial court granted Maternal Grandmother's request for relocation without regard to the factors set forth in Section 5337(h). (**Id.** at 11-12.)[7]

---

[6] Again, Mother incorrectly references the December 21, 2015 order, instead of the January 29, 2016 order.

[7] While the trial court suggests that Mother's issues on appeal should be waived due to the vague and inconcise nature of her statement of errors, we decline to find waiver. (Trial court opinion, 4/28/16 at 7.)

With regard to a proposed relocation, 23 Pa.C.S.A. § 5337 provides for the service of a notice of a proposed relocation and the filing of an objection thereto. 23 Pa.C.S.A. § 5337(c), (d). **See also** Pa.R.C.P. 1915.17(a), (b). Significantly, Section 5337 additionally allows for the filing of a petition to confirm relocation where there has been no objection filed within 60 days of receipt. 23 Pa.C.S.A. § 5337(e). **See also** 1915.17(e). The relevant portions of 23 Pa.C.S.A. § 5337 are as follows:

> **(c) Notice.--**
>
> > (1) The party proposing the relocation shall notify every other individual who has custody rights to the child.
> >
> > (2) Notice, sent by certified mail, return receipt requested, shall be given no later than:
> >
> > > (i) the 60th day before the date of the proposed relocation; or
> > >
> > > (ii) the tenth day after the date that the individual knows of the relocation, if:
> > >
> > > > (A) the individual did not know and could not reasonably have known of the relocation in sufficient time to comply with the 60-day notice; and
> > > >
> > > > (B) it is not reasonably possible to delay the date of relocation so

as to comply with the 60-day notice.

. . . .

**(d)  Objection to proposed relocation.--**

(1)   A party entitled to receive notice may file with the court an objection to the proposed relocation and seek a temporary or permanent order to prevent the relocation. The nonrelocating party shall have the opportunity to indicate whether he objects to relocation or not and whether he objects to modification of the custody order or not. If the party objects to either relocation or modification of the custody order, a hearing shall be held as provided in subsection (g)(1). The objection shall be made by completing and returning to the court a counter-affidavit, which shall be verified subject to penalties under 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities), in substantially the following form[.]

. . . .

(2)   An objection made under this subsection shall be filed with the court within 30 days of receipt of the proposed relocation notice and served on the other party by certified mail, return receipt requested.

(3)   If notice of the proposed relocation has been properly given and no objection to the proposed relocation has been filed in court, then it shall be presumed that the nonrelocating party has consented to the proposed relocation.

> (4) If a party who has been given proper notice does not file with the court an objection to the relocation within 30 days after receipt of the notice but later petitions the court for review of the custodial arrangements, the court shall not accept testimony challenging the relocation.
>
> **(e) Confirmation of relocation.--**If no objection to the proposed relocation is filed under subsection (d), the party proposing the relocation shall file the following with the court prior to the relocation:
>
> > (1) an affidavit stating that the party provided notice to every individual entitled to notice, the time to file an objection to the proposed relocation has passed and no individual entitled to receive notice has filed an objection to the proposed relocation;
> >
> > (2) Proof that proper notice was given in the form of a return receipt with the signature of the addressee and the full notice that was sent to the addressee.
> >
> > (3) a petition to confirm the relocation and modify any existing custody order; and
> >
> > (4) a proposed order containing the information set forth in subsection (c)(3).[8]

23 Pa.C.S.A. § 5337(c)(1) & (2), (d), and (e) (counter-affidavit regarding relocation omitted from (d)); *see also* Pa.R.C.P. 1915.17(a), (b), (e).

---

[8] This provision does not require a hearing.

After careful review of the record, Mother's brief,[9] the applicable law, and the well-reasoned opinion of the Honorable Michael Fanning, we conclude that Mother's issues merit no relief. We discern no error of law or abuse of discretion. As the record supports the trial court's decision, we will not disturb it. Accordingly, we affirm on the basis of the trial court's opinion of April 28, 2016. As aptly stated by the trial court, "Based upon the record evidence, Mother was clearly aware of Maternal Grandmother's proposed relocation prior to the scheduled conference and despite being represented by counsel, did nothing to attempt to prevent or address Grandmother's proposed relocation in any respect." (Trial court opinion, 4/28/16 at 16.) Moreover, Mother, who had a history of failing to appear,[10] was provided "ample opportunity to appear in court to address Maternal Grandmother's relocation." (*Id.* at 17.)

For the foregoing reasons, we affirm the order of the trial court granting Maternal Grandmother's Petition to Confirm Relocation to Sarasota, Florida, allowing Maternal Grandmother to retain primary physical and sole legal custody of Child, and which suspended Mother's custodial rights until further order of court.

Order affirmed.

---

[9] Maternal Grandmother failed to file a brief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2016

---

[10] Counsel conceded Mother was fearful due to an outstanding criminal bench warrant. (Notes of testimony, 12/21/15 at 7.)

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
DOMESTIC RELATIONS DIVISION

| | | | |
|---|---|---|---|
| S.B., | | : | COURT OF COMMON PLEAS |
| | Appellant | : | PHILADELPHIA COUNTY, PA |
| | | : | FAMILY COURT DIVISION |
| | v. | : | |
| | | : | IN CUSTODY 0C0416538 |
| K.C., | | : | |
| | Appellee | : | NO. 688 EDA 2016 |

Michael Fanning, J.

## OPINION

Appellant, S.B. (hereinafter "Mother") appeals from a final custody order dated January 29, 2016 regarding Appellee, K.C.'s (hereinafter "Maternal Grandmother") Petition to Confirm Relocation to Sarasota, Florida. The Order grants Maternal Grandmother's Petition to Confirm Relocation and allows her to retain primary physical and sole legal custody of minor child, B.M. (born April 30, 2004). Mother's custodial rights are suspended until further order of court. The January 29, 2016 Order gives rise to this appeal.

## PROCEDURAL HISTORY

On December 15, 2004, Mother, *pro se*, filed a complaint for primary physical and legal custody of the minor child. On February 9, 2015, the Honorable Myrna P. Field dismissed Mother's complaint for lack of prosecution since Mother failed to appear. On September 9, 2006, Mother filed another complaint for custody requesting primary physical and legal custody of the minor child. On December, 21, 2006, a final order was entered by the Honorable Idee C. Fox awarding Mother primary physical and legal custody of the child. Said Order was entered without prejudice to Father, who was incarcerated at the time.

On November 11, 2012, Maternal Grandmother filed a Petition to Modify custody seeking primary physical and legal custody of the child. Two days later (November 13, 2012), Grandmother filed a Motion for Expedited Relief requesting physical and legal custody of the minor child alleging Mother has a drug addiction and mental health issues.

The Honorable Diane Thompson entered a temporary order on December 20, 2012, resolving Grandmother's Motion for Expedited Relief. Mother failed to appear at this listing. However, Mother's counsel appeared on her behalf. The Court made a finding that Maternal Grandmother has been acting in loco parentis on behalf of the child and has standing to file for primary custody. Maternal Grandmother was awarded primary physical and legal custody of the minor child, while Mother was given supervised physical custody at Maternal Grandmother's home, as agreed and arranged by the parties. Mother and Maternal Grandmother were ordered to forthwith drug and alcohol testing, which Mother failed to appear for.

On April 18, 2013, Maternal Aunt and Paternal Grandmother each filed a Petition to Modify Custody, requesting partial physical custody of the minor child. On July 10, 2013, the Honorable Doris A. Pechkurow awarded Paternal Grandmother periods of supervised partial custody on the first Sunday of every month, gradually increasing from approximately two (2) hours to six (6) hours per visit. Father's custodial rights were suspended. Maternal Grandmother was to retain primary physical and legal custody of the minor child. Mother was to continue to have supervised physical custody at Maternal Grandmother's home, as agreed and arranged by the parties. Mother again failed to appear at this listing. However, counsel was present on her behalf. Father also failed to appear.

On January 9, 2014, Mother filed a Petition to Modify custody seeking partial physical and shared legal custody of the child. The undersigned issued a temporary order by Agreement

2

on September 11, 2014, whereby Maternal Grandmother was to retain primary physical and legal custody of the minor child. Mother was given partial custody to be supervised by Maternal Grandmother. Paternal Grandmother's partial custody was suspended. Father's custodial rights continued to be suspended. Also, Mother was ordered to submit to drug and alcohol testing forthwith, which Mother failed to appear for.

On November 3, 2014, the undersigned dismissed Mother's Petition to Modify for lack of prosecution. Mother again failed to appear in court. The temporary order of September 11, 2014 became a final order of court.

On July 24, 2015, Maternal Grandmother filed a Petition to Confirm Relocation, which included a Notice of Proposed Relocation. A Judicial Pre-Trial Conference regarding relocation was held before the undersigned on December 11, 2015. The conference was scheduled to allow the non-relocating party, Mother, an opportunity to be heard with regard to her position regarding the relocation, and to voice any concerns, questions, and/or objections she may have, instead of granting the relocation solely on the pleading (Petition to Confirm Relocation). However, Mother did not appear. A final order was entered, granting Maternal Grandmother's Petition to Confirm Relocation, allowing her to retain primary physical and sole legal custody of the minor child, with Mother to have partial physical custody as agreed and arranged between the parties, with Maternal Grandmother to supervise.

After the undersigned stated the terms of the December 11, 2015 Order, Mother's attorney raised an issue as to service of Maternal Grandmother's Notice of Relocation upon Mother. Subsequently and upon reflection, and affording Mother all opportunities possible to be heard on notice and any surrounding issue(s), on December 14, 2015, the undersigned vacated the Order of December 11, 2015 (allowing Maternal Grandmother and the minor child to

3

relocate to Sarasota, Florida) and relisted the case for December 21, 2015, thereby affording Mother yet another opportunity to be heard on the relocation matter. Mother once again failed to appear. However, her counsel was present. A bench warrant was issued for Mother for her failure to appear, which remains outstanding to date.[1] Mother's counsel was served with Maternal Grandmother's Notice of Proposed Relocation and Petition to Confirm Relocation.

On January 29, 2016, a final order was entered by the undersigned granting Maternal Grandmother's Petition to Confirm Relocation to Sarasota, Florida. The Order allows Maternal Grandmother to retain primary physical and sole legal custody of the minor child. Mother's custodial rights are suspended until further order of court.

On Monday, March 4, 2016, Mother, by and through counsel, filed a Notice of Appeal from the trial court's order. On April 1, 2016, Mother, through counsel, filed a copy of Rule 1925(b) statement with the Superior Court Prothonotary. On April 4, 2016, Mother filed a copy of her Rule 1925(b) statement with the trial court.

Mother, through counsel, presents four (4) issues altogether:

1) "Whether the custody court obtained personal jurisdiction over Mother to hear Grandmother's petition to move from Philadelphia, Pennsylvania to Florida, and the order granting Grandmother's petition is void as a matter of law, where, service of Grandmother's petition is not perfected on Mother respondent, the record is void of a return and/or for proof of service, and grandmother commits a fraud on the court about service by certified mail on Mother, which fraud is discovered and reported at a second listing hearing on Grandmother's petition by Mother's attorney on the record as an officer of the court to the trial court judge?"

2) "Whether it is an abuse of discretion, error of law, and/or a denial of constitutional rights for a custody order to end a Mother's custody rights and grant Grandmother's petition to move to Florida, where Mother is not served with the petition. Grandmother commits a fraud on the Court about service on Mother by certified mail for the petition. Mother appears through counsel and Mother Challenges service thus personal jurisdiction by the court. Grandmother has ex parte communication and submissions with the custody court the court grants grandmother's petition but thereafter sua sponte vacates the order, then reschedules a hearing on Grandmother's

---

[1] Mother also has an outstanding criminal warrant. (*See* Exhibit C attached docket MC-51-CR-0007237-2015).

4

petition, but Grandmother did not appeal. At the second hearing, Mother appears through counsel and informs the court of grandmother's fraud on the court about service on Mother, whereas, the Court sua sponte directs service of Grandmother's petition on Mother's counsel and causes service on itself. After the seconding hearing date without evidence from Grandmother, the Custody Court without providing notice to Mother or opportunity for submissions, but with notice to the Court that Mother opposed Grandmother's petition, the Custody Court decides and grants Grandmother's petition on the papers, without evidence to address 28 C.S 5328(a) factors. The Court also sua sponte suspends mother's custody rights, which relief grandmother did not seek and Mother is not on notice is an issue before the court."

3) "Whether it is an abuse of discretion, error of law, and/or a denial of a constitutional rights, when a custody court issues a bench warrant for Mother's arrest, for non-appearance of a hearing, where there is not service of the petition or hearing order on Mother. Mother appeared for the hearing through counsel appears, where Mother challenges personal jurisdiction of the Court over Mother, for a lack of valid service of the Petition on Mother?"

4) "Whether an appeal is timely perfect and the time for taking an appeal by right from a final order is tolled, where the custody court without notice of hearing to the parties and/or hearing held, and where the court makes a decision on a petition to move, solely on the petition, and the court holds the final order five (5) days after the order is issued before mailing it to Grandmother petitioner and Mother respondent's counsel of record?"

## LEGAL ANALYSIS

As a result of Mother's failure to set forth the issues that she sought to raise on appeal in a concise manner, Mother has impeded with this Court's ability to prepare an Opinion and engage in a meaningful and effective appellate review process. Mother's issues are addressed accordingly.

*I.* *Pursuant to Pa.R.A.P 1925(a)(2)(i), Mother's issues on appeal should be waived for failure to file a Rule 1925(b) statement with the Notice of Appeal.*

Pursuant to the newly adopted provision governing children's fast track appeals, the Concise Statement of Errors Complained of on Appeal shall be filed with the Notice of Appeal. (Pa.R.A.P. 905(a)(2) and Pa.R.A.P 1925(a)(2)(i)). In all children's fast track cases, the failure to file a Concise Statement of Errors Complained of on Appeal with the Notice of Appeal will

5

result in a defective Notice of Appeal, to be disposed of on a case by case basis under the guidelines set forth in *Stout v. Universal Underwriters Ins. Co.*, 421 A.2d 1047 (1980). *In re K.T.E.L.*, 983 A.2d 745 (Pa. Super 2009).

As set forth by the Superior Court, "the extreme action of dismissal should be imposed by an appellate court sparingly, and clearly would be inappropriate when there has been substantial compliance with the rules and when the party [moving to quash the appeal] has suffered no prejudice." *Id.* citing *Stout v. Universal Underwriters Ins. Co.*, 421 A.2d 1047 (1980).

The instant matter is a children's fast track case. Mother filed a Rule 1925(b) statement thirty two days after filing a Notice of Appeal. Mother's delay in filing a Rule 1925(b) statement was not only prejudicial to Maternal Grandmother and the minor child, but also impeded the trial court's ability to issue a thorough Opinion. Mother's prolonged delay in filing a Rule 1925(b) statement ignores the presumed purpose of the new amendments—to expedite the disposition of children's fast track cases. Additionally, Mother's failure to file a Rule 1925(b) statement contemporaneously with her Notice of Appeal as required by Rule 1925(a)(2) violates Pennsylvania Rules of Appellate Procedure.

In applying the guidelines set forth in *Stout*, there has not been substantial compliance with the rules. Accordingly, Mother's appeal should be dismissed.

## II. Pursuant to Pa.R.A.P 1925(b)(4)(ii), Mother's issues on appeal should be waived for failure to concisely identify each ruling or error with sufficient detail.

Pennsylvania Rules of Appellate Procedure state an Appellant's 1925(b) statement "shall concisely identify each ruling or error that the Appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925 (b)(4)(ii). A statement shall not be "redundant or provide lengthy explanations as to any error." Pa.R.A.P 1925(b)(4)(iv). A

1925(b) statement, "which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all." *Commonwealth v. Dowling*, 788 A.2d 683, 686-687 (Pa. Super 2001). Issues not included in the statement, and/or not raised in accordance with Rule 1925(b)(4) are waived. Pa.R.A.P 1925(b)(4)(vii).

In *Dowling*, the Appellant raised the following issue in his Rule 1925(b) statement:

> The court erred and deprived the defendant from receiving a fair trial by prohibiting counsel from cross examining based on a prior inconsistent statement of an eyewitness on the issue of identification. *Id.* at 686.

In its Opinion, the trial court wrote: "As Defendant did not state which witness or what statement he is referring to, this Court cannot fully address this issue." *Id.* On this issue, the Court held that the issue was waived because the Appellant's 1925(b) statement was not specific enough for the trial court to identify and address the issue. *Id.*

In the instant matter, Mother's failure to set forth the issues that she sought to raise on appeal in a concise manner hindered the trial court's ability to prepare an opinion addressing the issues that Mother sought to raise, thereby frustrating this Court's ability to engage in a thorough and effective appellate review process.

Mother's first issue states:

> "Whether the custody court obtained personal jurisdiction over Mother to hear Grandmother's petition to move from Philadelphia, Pennsylvania to Florida, and the order granting Grandmother's petition is void as a matter of law, where, service of Grandmother's petition is not perfected on Mother respondent, the record is void of a return and/or for proof of service, and grandmother commits a fraud on the court about service by certified mail on Mother, which fraud is discovered and reported at a second listing hearing on Grandmother's petition by Mother's attorney on the record as an officer of the court to the trial court judge?"

Here, the trial court is not certain why Mother is disputing "personal jurisdiction." Maternal Grandmother's Petition to Confirm Relocation was scheduled for a Judicial Pre-Trial Conference on December 11, 2015. Mother failed to appear despite proper notice. At the

7

conclusion of the conference, Grandmother's Petition to Confirm Relocation to Sarasota, Florida was granted. It is uncertain whether Mother is challenging "personal jurisdiction" as it relates to the December 11, 2015 Judicial Pre-Trial Conference, "personal jurisdiction" as it relates to service of Maternal Grandmother's notice of relocation, or both.

Additionally, Mother does not specify how "fraud" has been committed by Maternal Grandmother with regard to "service by certified mail." Grandmother presented proof of certified mail to Mother by way of a return receipt. (*See* Exhibit A, Proof of Service). Counsel expressed concerns that Mother's signature was not the signature that was reflected on the return receipt. (N.T. 12-11-15; p, 14, 23-25; p, 15, 1-3.) However, the trial court understood counsel's testimony to suggest someone other than Mother signed for the certified mail— not that Maternal Grandmother forged Mother's name. (N.T. 12-11-15; p, 14, 23-25; p, 15, 1-3.) At no point did counsel raise the issue of fraud as alleged in Mother's statement. Because counsel cannot raise this complaint for the first time on appeal, it should be waived. Further, this issue should be waived in its entirety because it is not specific enough for the trial court to identify and address the issues that Mother sought to raise.

Mother's second issue reads:

> "Whether it is an abuse of discretion, error of law, and/or a denial of constitutional rights for a custody order to end a Mother's custody rights and grant Grandmother's petition to move to Florida, where Mother is not served with the petition. Grandmother commits a fraud on the Court about service on Mother by certified mail for the petition. Mother appears through counsel and Mother Challenges service thus personal jurisdiction by the court. Grandmother has ex parte communication and submissions with the custody court the court grants grandmother's petition but thereafter sua sponte vacates the order, then reschedules a hearing on Grandmother's petition, but Grandmother did not appeal. At the second hearing, Mother appears through counsel and informs the court of grandmother's fraud on the court about service on Mother, whereas, the Court sua sponte directs service of Grandmother's petition on Mother's counsel and causes service on itself. After the seconding hearing date without evidence from Grandmother, the Custody Court without providing notice to Mother or

8

opportunity for submissions, but with notice to the Court that Mother opposed Grandmother's petition, the Custody Court decides and grants Grandmother's petition on the papers, without evidence to address 28 C.S 5328(a) factors. The Court also sua sponte suspends mother's custody rights, which relief grandmother did not seek and Mother is not on notice is an issue before the court."

Here, Mother presents an issue far from within the meaning of concise which makes it tremendously difficult for this Court to appropriately respond to. First, Mother fails to clearly articulate that she disputes service of the Notice of Proposed Relocation, if that is even her assertion. Second, even though a statement shall not be "redundant," Mother raises the issue of "fraud" once more, and yet again, fails to provide any meaningful specificity. Pa.R.A.P 1925(b)(4)(iv). Third, the Court is left to speculate why Mother is challenging "service." Because of its familiarity with this case, this Court believes Mother is challenging the Notice of Proposed Relocation, although it seems Mother is also alleging that she was unaware of the December 11, 2015 Judicial Pre-Trial Conference. Fourth, Mother claims "ex parte communications with the custody court," but again fails to specify. In any event, this Court stresses that it relied entirely on the record evidence in granting Maternal Grandmother's relocation. Finally, Mother, through counsel, alleges "the Custody Court decides and grants Grandmother's petition on the papers, without evidence to address 28 C.S 5328(a) factors." This Court presumes that Mother intends to cite 23 Pa.C.S. section 5328(a), which sets forth factors to consider when making a custody determination. Because Mother's second issue is not raised in accordance with Rule 1925(b)(4)(vii), it should be waived.

Mother's third issue reads:

> "Whether it is an abuse of discretion, error of law, and/or a denial of a constitutional rights, when a custody court issues a bench warrant for Mother's arrest, for non-appearance of a hearing, where there is not service of the petition or hearing order on Mother. Mother appeared for the hearing through counsel appears, where Mother challenges personal jurisdiction of the Court over Mother, for a lack of valid service of the Petition on Mother?"

9

Here and again, Mother does not indicate which "petition" she contests service of or how the trial court lacks "personal jurisdiction." Although not clearly articulated and as previously stated, the trial court believes Mother challenges proper service of Maternal Grandmother's Notice of Proposed Relocation. However, Mother does not include any indication of such in her issue. Rather, she submits a convoluted and ambiguous statement leaving the trial court to speculate. Because Mother's third issue is not raised in accordance with Rule 1925(b)(4)(vii), it should be waived.

Mother's fourth issue reads:

> "Whether an appeal is timely perfect and the time for taking an appeal by right from a final order is tolled, where the custody court without notice of hearing to the parties and/or hearing held, and where the court makes a decision on a petition to move, solely on the petition, and the court holds the final order five (5) days after the order is issued before mailing it to Grandmother petitioner and Mother respondent's counsel of record?"

While Mother challenges "notice of hearing" she does not specifically state the reason in her statement. (The Court's specific findings with regard to notice are discussed under its third contention, *infra*.) It is especially important to specify "notice of hearing" as there were two listings scheduled before this court, both relating to Maternal Grandmother's Petition to Confirm Relocation, and all of which Mother failed to appear at. Also, Mother alleges the trial court made a decision on the "petition to move, solely on the petition," but fails to specify what her issue exactly is. Because Mother's fourth issue is not raised in accordance with Rule 1925(b)(4)(vii), it should be waived.

Since Mother's submits a drawn-out and vaguely prepared statement, not sufficiently specific enough to allow this Court to draft its Opinion required under 1925(a), the trial court cannot articulate the rationale underlying its decision and provide a basis for Mother to

10

determine the advisability of appealing that issue. Accordingly, all of Mother's issues should be waived.

### III. The trial court was correct in granting Maternal Grandmother's Relocation on the pleadings as Mother was properly served Maternal Grandmother's Notice of Relocation.

A relocation may not occur unless all parties who have custody rights to the child consent or the court approves the relocation via order of court. 23 Pa.C.S. § 5337(b)(i)&(ii). The party seeking to relocate is required to send notice to every other party who has custody rights to the child, via certified mail, return receipt requested, addressee only or pursuant to Pa. R.C.P. 1930.4 regarding service of original process in domestic relations matters, not later than the 60th day before the date of the proposed change or residence or other time frame set forth in the statute regarding proposed relocation. Pa.R.C.P. 1915.17(a), referring to 23 Pa.C.S. § 5337(c)(2). The notice must also include a Counter-Affidavit, which can be used by the other party to object to the proposed relocation and the modification of the custody order, along with a warning that if the non-relocating party does not file an objection with the court within thirty (30) days after receipt of the notice, the non-relocating party will be foreclosed from objecting to the relocation. 23 Pa.C.S. § 5337(c)(1); Pa.R.C.P. 1915.17(a). If proper notice has been given and an objection is not filed within thirty (30) days, the court is prohibited from hearing testimony challenging the relocation. 23 Pa.C.S. § 5337(c)(3)(xi).

If no objection to the proposed relocation is filed, it is presumed that the non-relocating party has consented to the relocation. 23 Pa.C.S. § 5337(g). The party proposing the relocation shall then file a "confirmation of relocation" with the court, including an affidavit stating that proper notice was provided to every individual entitled to notice, the time to file an objection to the proposed relocation has passed, proof that proper notice was given in the form of a return receipt with the signature of the addressee, a petition to confirm the relocation and modify any

11

existing custody order; and a proposed order containing detailed information regarding the relocation. 23 Pa.C.S. § 5337(e).

In the instant matter, a Judicial Pre-Trial Conference was held on December 11, 2015 before the undersigned to address Maternal Grandmother's Petition to Confirm Relocation (filed 7/24/15) to Sarasota, Florida. Maternal Grandmother and counsel for Mother appeared. Mother failed to appear despite proper notice and service from the court. An Order to Appear and an Administrative Order were mailed to Mother from the Court requiring her presence at the December 11, 2015 Judicial Pre-Trial Conference. (*See* Exhibit B, Order of Court and Order dated 12/11/15.) Neither Order was returned from the post office. Mother did not request to participate by way of telephone or request a continuance. Mother had an active criminal bench warrant for failure to appear at a status hearing, which to date, still remains outstanding. (*See* Exhibit C attached docket MC-51-CR-0007237-2015.) Counsel later informed the Court, "She's [Mother's] afraid she's going to be arrested for coming here." (N.T. 12/21/15; p. 7, 12-19.)

At the conference, Maternal Grandmother credibly testified that on June 5, 2015 she served Mother and Father, even though Father does not and has not had any custodial rights, a Notice of Proposed Relocation along with a Counter-Affidavit by way of certified mail. (N.T. 12/11/15; p. 8, 17-25—p. 9, 1-4.) Maternal Grandmother testified that the return receipt indicating proof of service via certified mail received from the post office was a "duplicate"... "since they [the post office] couldn't find the one that should have been sent to me in the mail." (N.T. 12/11/15; p. 10, 1-3.) Grandmother testified that she contacted the post office for proof of service "and they [the post office] had to put a trace on it [Mother's certified receipt]." (N.T. 12/11/15; p. 10, 5-7.) Eventually, Grandmother received confirmation of proof of service from the United States Post Office. (N.T. 12/11/15; p. 9, 8-12.) (*See* Exhibit A, Proof of Service).

12

More than thirty (30) days had passed since receipt of the Notice of Proposed Relocation and no objection had been filed by either party.

As required by 23 Pa.C.S section 5337(e), Grandmother testified that because no objection was returned, she filed a Petition to Confirm Relocation (July 24, 2015) which included an affidavit stating that proper notice was provided to every individual entitled to notice, the time to file an objection to the proposed relocation has passed, proof that proper notice was given in the form of a return receipt with the signature of the addressee, a petition to confirm the relocation and modify any existing custody order; and a proposed order containing detailed information regarding the relocation. (*See* Exhibit D.) Grandmother did not seek a modification of the current custody order.

Counsel for Mother had an opportunity to review each document presented at the conference. When asked by the trial Court: "Do you have any questions to Maternal Grandmother regarding M-1 [proof of service to Mother]?" counsel only asked, "Is this the only people that were served is my question because I believe she's the Maternal Grandmother, there's a Paternal Grandmother that has custody." (N.T. 12/11/15; p. 10, 15-20.)[2] Counsel did not ask any other questions, nor did he contest service of Maternal Grandmother's Notice of Proposed Relocation at that time.

After inquiring as to whether the procedural requirements had been satisfied and whether Mother received proper notice of the Judicial Pre-Trial Conference scheduled for December 11, 2015, the undersigned granted Grandmother's Petition to Confirm Relocation. (N.T. 12-11-15; p. 13, 16-25; p. 14, 1-4.) Immediately after the Court rendered its decision, Mother's attorney stated: "I would like to preserve for my record to challenge whether the service is valid and that

---

[2] Paternal Grandmother's custodial rights were previously suspended by Order of November 3, 2014.

13

the signature itself is not my client's signature based on my knowledge, seven years of seeing her signature and that is not her signature." (N.T. 12-11-15; p. 14, 23-25; p. 15, 1-3.) (*See* also Exhibit A, Proof of Service). It is highly emphasized that counsel, at no point throughout the proceeding, raised any concerns regarding service of the Notice of Proposed Relocation until after the fact, despite this Court's questioning.

After thoughtful consideration and in the best interest of the child, on December 14, 2015 the undersigned vacated the Order of December 11, 2015 which granted Grandmother's relocation to Sarasota, Florida and relisted Grandmother's petition to guarantee Mother was served the Notice of Proposed Relocation. The matter was relisted for December 21, 2015 to give Mother yet another opportunity to appear before the Court to explain her failure to appear at the previous listing and to provide testimony/evidence, if any, to support her attorney's opposition, if any, to the granting of Maternal Grandmother's Petition to Confirm Relocation.

On December 21, 2015, Mother again failed to appear. The Court questioned if Mother's attorney knew of Mother's whereabouts. (N.T. 12/21/15; p. 3, 11-12.) Counsel indicated that he was unable to contact Mother. (N.T. 12/21/15; p.3, 13-17.) Counsel advised that his client may be fearful of coming to court, as she is afraid of being arrested.[3] (N.T. 12/21/15; p. 7, 12-13.) If this is or is not correct, it does not explain why counsel could not reach Mother.

The trial Court went on to explain that the matter was relisted to ensure adequate service of Grandmother's Notice of Proposed Relocation upon Mother. (N.T. 12/21/15; p. 4-7-14.) Counsel indicated that he was able to "confirm" through the United States Post Office that the signature on the certified receipt presented by Grandmother is not Mother's signature and claimed that a certified copy was never delivered. (N.T. 12/21/15; p. 3, 13-23.) Counsel provided

---

[3] Presumably with regard to Mother's open criminal bench warrant.

14

no evidence to support the same. The trial court warned counsel that he was "walking a fine line," as he may be "becoming a witness in the proceeding." (N.T. 2/21/15; p. 4, 10-14.)

To address Counsel's concerns, and in an abundance of caution, a Notice of Proposed Relocation was served on counsel for Mother in accordance with 23 Pa.C.S. § 5337(c)(1) and Pa. R. Civ. P. 1915.17(a), who accepted service on behalf of Mother. (N.T. 12/21/15; p. 7, 21-25 –p. 8, 1-18.) The counter affidavit attached to the notice of relocation included a warning that if the non-relocating party does not file an objection with the court within thirty (30) days after receipt of the notice, the non-relocating party will be foreclosed from objecting to the relocation. 23 Pa.C.S. § 5337(c)(1); Pa. R. Civ. P. 1915.17(a). Mother's Counsel was strongly encouraged to file the appropriate "response" to the Notice of Proposed Relocation. (N.T. 12-21-15; p. 8, 24-25 –p. 9, 1-2.) Counsel acknowledged that he is aware of the "affidavit" that should be filed to object to a relocation. (N.T. 12/21/15; p. 9, 3-4.) Counsel was also served with a bench warrant that was issued for Mother for her failure to appear along with a copy of the December 21, 2015 Order. (N.T. 12/21/15; p. 9, 5-8.) Mother's Counsel advised that he would "reach out" to his client and would "bring her in" to address the bench warrant. (N.T. 12/21/15; p. 8, 20-23.) To date, Mother remains in bench warrant status with this Court and with the Philadelphia Municipal Court.

Thirty (30) days had passed since serving Mother's attorney with the Notice of Relocation, but Mother, nor her attorney, filed a Counter-Affidavit objecting to Grandmother's relocation. Mother did not resolve her outstanding bench warrants either. Despite a warning on the Counter-Affidavit served upon Mother's counsel with the Notice of Proposed Relocation, that if the non-relocating party does not file an objection with the court within thirty (30) days after receipt of the notice, the non-relocating party will be foreclosed from objecting to the

15

relocation and despite the Court's encouragement to counsel to file a Counter-Affidavit if the relocation was contested by Mother, Mother did nothing. 23 Pa.C.S. § 5337(c)(1); Pa.R.C.P. 1915.17(a). Mother was foreclosed from objecting to the relocation and said failure to file an objection allowed this Court to presume that Mother has consented to the relocation. 23 Pa.C.S. § 5337(g). Because of Mother's failure to act pursuant to any rule to seek to prevent or object to Grandmother's relocation, Grandmother's Petition to Confirm Relocation to Sarasota, Florida was granted by way of Order dated January 29, 2016.

Accordingly, Mother's vague statement insinuating that the Court improperly ruled on Maternal Grandmother's Petition to Confirm Relocation is without merit. Based upon the record evidence, Mother was clearly aware of Maternal Grandmother's proposed relocation prior to the scheduled conference and despite being represented by counsel, did nothing to attempt to prevent or address Grandmother's proposed relocation in any respect. It is also clear that Mother was on notice of the December 11, 2015 Judicial Pre-Trial Conference and deliberately failed to appear before the Court. Grandmother testified that she spoke to Mother at approximately 7:00 p.m. on the evening of December 10, 2015 and Mother indicated, "I'll be there [the Judicial Pre-Trial Conference] bright and early." (N.T. 12-11-15; p. 12, 15.) Counsel for Mother indicated that he too spoke to Mother, who also made assurances that she would be in attendance at the scheduled conference. (N.T. 12-11-15; p. 5-9.) Mother knew Grandmother's petition to relocate was scheduled before the Court on December 11, 2015 as evidenced by counsel's statement: "That's why she wanted me to come and represent her." (N.T. 12/21/15: p. 5, 24-25.)

It was also borne out through Grandmother's testimony that she and Mother talked about the likelihood of relocation and Grandmother further testified, "The chances are pretty strong that she [Mother] would follow us [Grandmother and child] thereafter." (N.T. 12/11/15; p. 5, 11-

16

21.) Grandmother testified that she has an "open door policy" for Mother to see her daughter, even though Mother does not visit the child that often. (N.T. 12/11/15; p. 4, 8-12.) The child is free to call her Mother whenever she desires and Mother is free to visit the child anytime she desires. (N.T. 12/11/15; p. 5, 8-9.) Grandmother credibly testified that she would continue to try foster the relationship between the child and Mother if she moved to Florida, and in the event that Mother did not relocate, Grandmother would "absolutely" take the child back to Philadelphia so she can spend time with her Mother. (N.T. 12/11/15; p. 5, 6-10; p. 7, 6-10.) Grandmother indicated that the child's feelings are hurt when Mother does not visit. (N.T. 12/11/15; p. 4, 12-13.) This is especially painful, as Mother lives within walking distance to Maternal Grandmother and the child. (N.T. 12/11/15; p. 4, 14-18.) The Court finds that Mother's behavior is extremely damaging to her daughter, a child of twelve years of age. The Court also finds Maternal Grandmother's testimony to be credible.

Mother has been afforded more than ample opportunity to appear in court to address Maternal Grandmother's relocation, in addition to other custodial matters. Mother has an extensive history of failing to appear in court, despite receiving proper notice. Mother failed to appear on February 9, 2005 for Mother's Petition for Custody (filed December 15, 2004), December 20, 2012 for Maternal Grandmother's Motion for Expedited Relief (filed July 10, 2013), July 10, 2013 for Grandmother's Petition to Modify (filed November 7, 2012) and Maternal Aunt and Paternal Grandmother's Petitions to Modify (filed April 18, 2013), November for Mother's Petition to Modify (filed January 9, 2014), and December 11, 2015 for a Judicial Pre-Trial Conference for Maternal Grandmother's Petition to Confirm Relocation (filed July 24, 2015). Mother failed to appear for forthwith drug and alcohol testing on December 20, 2012 and

17

September 11, 2014.[4] In addition, Mother also has a long history of failing to visit her own daughter, when the only physical distance that separated the two was a brief walk.

Mother's actions and failure to act are very detrimental to the best interest of the child. If Mother did in fact object to Maternal Grandmother's proposed relocation, she should have taken proactive steps to contest Grandmother's proposed relocation. Mother could have sought an order of court preventing relocation by filing (i) a complaint for custody or petition for modification; (ii) a statement of objection to relocation; and (iii) a request for a hearing. Pa.R.C.P. § 1915.17(h)(1)(2)(3). In addition, Mother could have also merely appeared at one of the scheduled listings to verbally voice any concerns, if any, she had with the proposed relocation. Instead, Mother did nothing to date other than filing the instant vague and confusing attorney filed appeal, which seemingly addresses procedure — all of which was more than fully complied.

The pleadings and the record remain completely silent as to Mother's position with regard to Maternal Grandmother's desire to relocate with the child, in the best interest of the child. It also remains silent as to Mother's whereabouts and any explanation as to why Mother has not surrendered on the two active bench warrants, despite her attorney's assurance that he would "bring her in." Procedurally, Mother was afforded multiple opportunities to address Maternal Grandmother's proposed relocation. Mother and her attorney were on notice, yet Mother took no action to convey if she opposes the move. Mother's actions and failure to act are detrimental to and not in the best interest of the child.

---

[4] Failure to appear for forthwith drug and alcohol testing results in a positive test, as advised in Orders of December 20, 2012 and September 11, 2014.

18

## CONCLUSION

Because of Mother's failure to act pursuant to any rule to seek to prevent or object in any way to Maternal Grandmother's relocation, this Court granted Grandmother's Petition to Confirm Relocation to Sarasota, Florida by way of Order dated January 29, 2016. The errors of which Mother complains of on appeal lack any basis in the evidentiary record, applicable statutes or case law. Due process was fully afforded to Mother. It is respectfully requested that the findings of the trial court be affirmed.

**BY THE COURT:**

Dated: 4/28/16

MICHAEL FANNING,     J.

COPIES SENT
PURSUANT TO Pa.R.C.P. 236(b)

APR 28 2016

FIRST JUDICIAL DISTRICT OF PA
USER I.D.: