421 A.2d 1047

Arthur R. STOUT; Carole Stout; Arthur R. Stout, husband of Carole Stout; Gail Stout, a minor, by Arthur R. Stout, her guardian; Robert Stout, a minor, by Arthur R. Stout, his guardian; and Arthur R. Stout and Carole Stout, his wife, parents of Gail Stout and Robert Stout, Appellants,

v.

UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a Stock Insurance Company, Appellee.

Supreme Court of Pennsylvania.

Argued March 10, 1980.

Decided Oct. 31, 1980.

George A. Conti, Jr., Greensburg, for appellants.

Donald W. Bebenek, Arthur J. Murphy, Jr., Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

KAUFFMAN, Justice.

This appeal is from an order of the Superior Court quashing an appeal from a judgment of the Westmoreland County Court of Common Pleas.[1]

Appellants, Arthur R. Stout and his wife and two children, were severely injured when an automobile owned by Hamilton Buick and Pontiac, Inc. ("Hamilton") and driven by one of its repair customers collided with their automobile. At issue below was whether Hamilton's motor vehicle liability insurance policy written by appellee, Universal Underwriters

1. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586 No. 142, § 2, 42 Pa.C.S.A. § 724.

Insurance Company ("Universal"), extended coverage to the customer–driver who had borrowed the car while his mother's vehicle was in Hamilton's shop for repairs.[2] The Court of Common Pleas found in favor of Universal, holding that the customer–driver was not an insured under Hamilton's policy.

On February 15, 1978, timely notice of appeal was filed with the prothonotary of the Court of Common Pleas pursuant to Pa.R.A.P. 902, 903(a), and 905.[3] On the same day, a copy of said notice was served by mail upon the trial judge and counsel for Universal. Appellants failed, however, to docket their appeal with the Superior Court pursuant to Pa.R.A.P. 907 as it then existed.[4] On July 6, 1978, without prior notice to appellants, Universal filed a motion to quash

**2.** In an earlier action, appellants had been awarded judgment against the customer–driver in the total amount of $98,132.60.

**3.** Rule 902 provides:

An appeal permitted by law as of right from a lower court to an appellate court shall be taken *by filing a notice of appeal with the clerk of the lower court* within the time allowed by Rule 903 (time for appeal). *Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal,* but it is grounds only for such action as the appellate court deems appropriate, which *may* include dismissal of the appeal. (Emphasis supplied)

Rule 903(a) provides:

Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.

Rule 905, as it then existed, provided:

The notice of appeal shall be filed with the clerk of the lower court. Upon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket.

**4.** Pa.R.A.P. 907 required that a copy of the notice of appeal, proof of service and the docketing fee be transmitted by appellants to the prothonotary of the appellate court. Rules 905 and 907 subsequently were amended on May 16, 1979. Under the amended rules, appellants now must file, *inter alia,* two copies of the notice of appeal with the clerk of the lower court, who then transmits a copy to the prothonotary of the appellate court. Upon receipt of the papers specified in Rule 905(b), the prothonotary immediately enters the appeal on the docket.

the appeal pursuant to Pa.R.A.P. 1971 for failure to comply with Rule 907.[5] On the next day, July 7, 1978, appellants cured their oversight by filing a copy of the notice of appeal and proof of service with the prothonotary of the Superior Court. Despite appellants' prompt action, Universal's motion to quash was granted on August 1, 1978 for failure to comply with Pa.R.A.P. 907. This appeal followed.

■ Appellants contend that the Superior Court abused its discretion in quashing their appeal, which, with the exception of a minor oversight by their attorney, was timely perfected in all respects, including service of notice upon opposing counsel. We agree. Pa.R.A.P. 902 expressly provides that failure to take any step other than the timely filing of a notice of appeal does *not* affect the validity of an appeal. The extreme action of dismissal should be imposed by an appellate court sparingly, and clearly would be inappropriate when there has been substantial compliance with the rules and when the moving party has suffered no prejudice.

Universal neither has alleged nor proved any prejudice, whereas appellants, who promptly cured their oversight just one day after they learned of it, will lose all hope of recovery for their injuries if deprived of their constitutionally granted right of appeal.[6] The harshness of the penalty in

5. Rule 1971 (Rescinded May 16, 1979) provided:
    If the appellant shall fail to file a copy of the notice of appeal with the prothonotary of the appellate court or to pay the docket fee, if a docket fee is required, any appellee may file a motion in the appellate court to dismiss the appeal. The motion shall be supported by a certificate of the clerk of the lower court showing the date and substance of the order from which the appeal was taken, the date on which the notice of appeal was filed, and by proof of service. The appellant may respond within 14 days of such service. The prothonotary shall docket the appeal for the purpose of permitting the appellate court to entertain the motion without requiring payment of the docket fee, but the appellant shall not be permitted to respond without payment of the fee unless he is otherwise exempt therefrom.

6. The Constitution of this Commonwealth provides for a right of appeal in all cases. Pa.Const. art. 5, § 9.

view of the substantive rights involved and the minor inadvertence of counsel is unjust in the extreme.

■ The Rules of Appellate Procedure were adopted to insure the orderly and efficient administration of justice at the appellate level. They were not intended, however, to be so rigidly applied as to result in manifest injustice, particularly when there has been substantial compliance and no prejudice. *See Pomerantz v. Goldstein*, 479 Pa. 175, 387 A.2d 1280 (1978).

Accordingly, we reverse and remand for consideration of the merits.

EAGEN, former C. J., did not participate in the decision of this case.