722 A.2d 1028

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Michael BAKER.**

Supreme Court of Pennsylvania.

Argued Dec. 11, 1997.

Decided Jan. 20, 1999.

34

Catherine Marshall, Hugh J. Burns, Jr., Philadelphia, for appellant.·

John W. Packel, Michael Baker, Philadelphia, Jeffrey P. Shender, for appellee.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## ORDER

PER CURIAM:

Appeal dismissed as having been improvidently granted.

Justice CASTILLE files a dissenting statement in which Justice NEWMAN joins.

CASTILLE, Justice, dissenting.

The issue raised in this matter is whether the Superior Court erred by *sua sponte* dismissing the Commonwealth's appeal for failure to file a brief. I respectfully dissent from the majority's decision to dismiss this matter as improvidently granted because I believe that the Superior Court erroneously dismissed this matter where the circumstances indicate that the Commonwealth failed to file a brief because it never received a briefing schedule.

Here, appellee was convicted in the Philadelphia Municipal Court of possession with intent to deliver, and knowing and intentional possession of a controlled substance. Appellee was sentenced to six months incarceration. On August 21, 1995, appellee filed a timely notice of appeal requesting a trial *de novo* in the Court of Common Pleas. Pursuant to Pa. R.Crim.P. 6013(g), governing appeals from the Philadelphia Municipal Court, the ninety-day mechanical run date was November 20, 1995. At appellee's arraignment on September 29, 1995, the Commonwealth requested the earliest possible

trial date and the matter was listed for trial on January 12, 1996, without objection from the defense.

On January 12, 1996, appellee filed a motion to dismiss under Pa.R.Crim.P. 1100, alleging that the Commonwealth failed to exercise due diligence in bringing his case to trial before the ninety day run date. At the hearing on the motion, the Commonwealth asserted that the delay was the result of an agreement between the Commonwealth and the Philadelphia Public Defender's Office, which prohibited the Commonwealth from assigning more than eight cases for trial in any one courtroom on any one day. The trial court granted appellee's motion, finding that the Commonwealth had failed to exercise due diligence in bringing appellee to trial. The trial court denied the Commonwealth's petition for reconsideration.

The Commonwealth filed a timely appeal. The Superior Court, *sua sponte,* issued a *per curiam* order dismissing the appeal, citing the Commonwealth's failure to file a brief. The Commonwealth then filed a motion for reconsideration of the dismissal order, and sought reinstatement of the appeal. The Commonwealth further requested the Superior Court establish a briefing schedule. The motion claimed that the reason the Commonwealth had failed to file a brief was because it never received a briefing schedule due to a breakdown in the processes of the court. The Superior Court denied this motion.

I believe that the Superior Court erroneously dismissed this matter *sua sponte* given the circumstances. Rule 2188 of the Pennsylvania Rules of Appellate Procedure states that when an appellant fails to timely file a brief, "an appellee *may move* for dismissal of the matter." (Emphasis added). Rule 2188 seems to require that an appellee initiate the dismissal of the matter. Here, appellee failed to initiate the process; rather, the Superior Court acted on its own accord.

Pa.R.A.P. 105 provides:

**(a) Liberal Construction and Modification of Rules.** These rules shall be liberally construed to secure the just,

speedy and inexpensive determination of every matter to which they are applicable. In the interest of expediting decision, or for other good cause shown, an appellate court may, except as otherwise provided in Subdivision (b) of this rule, disregard the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction.

**(b) Enlargement of Time.** An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time, but the court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review.

The comment to the rule provides that the rule "is not intended to affect the power of a court to grant relief in the case of . . . breakdown in the processes of a court."

This Court routinely reinstated certain rights to other parties where there was a valid reason to believe there had been a breakdown in the processes of the court, as is the case here. In *Smith v. Pennsylvania Board of Probation and Parole*, 546 Pa. 115, 119, 683 A.2d 278, 280 (1996), this Court stated:

At the outset we note that our rules of appellate procedure are to be "liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable." Pa.R.A.P. 105. Moreover, "[t]he extreme action of dismissal should be imposed by an appellate court sparingly, and clearly would be inappropriate when there has been substantial compliance with the rules and when the moving party has suffered no prejudice." *Stout v. Universal Underwriters Insurance Co.*, 491 Pa. 601, 604, 421 A.2d 1047, 1049 (1980).

Here, the Superior Court acted *sua sponte* and precipitously in resorting to the extreme sanction of dismissal of a felony prosecution, especially where the Commonwealth presented a facially valid reason for its failure to file a brief, and where there was no claim or possibility of prejudice to appellee.

This Court has recognized the public's interest in "thoroughly considered and well-reasoned appellate opinions where an individual is charged with criminal conduct." *Commonwealth v. DeBlase*, 542 Pa. 22, 665 A.2d 427, 433 (1995). However, this requirement should not be used as a method to punish the citizens and endanger their safety by freeing felons from having to answer for their crimes. Because I feel that this Court should reverse the Superior Court's order and reinstate the Commonwealth's appeal, I dissent from the Court's dismissal of the matter as improvidently granted.

Justice NEWMAN joins this dissenting statement.