J-A16026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| M.G., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| S.J., | |
| Appellant | No. 64 WDA 2016 |

Appeal from the Order of December 18, 2015
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD 07-009307-004

BEFORE: SHOGAN, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, JJ.: **FILED OCTOBER 24, 2016**

Appellant, S.J.[1] ("Father"), appeals *pro se* from the order entered December 18, 2015, modifying child custody. As Father failed to preserve any issues for appeal, we affirm.

The trial court summarized the factual and procedural history relevant to this appeal as follows:

> On April 2, 2015, Father petitioned the [c]ourt to modify the custody arrangement of his 15-year-old daughter [], who has been the subject of regular and substantial litigation for the better part of a decade. Following their pre-trial conciliation in September, the parties selected a trial date and the matter was set for [a custody trial on] December 16, 2015. ... [The trial court] *sua sponte* appointed counsel for the parties' minor child. Father petitioned [the trial court] to reconsider the appointment,

---

[1] We use the parties' initials in the caption and throughout this memorandum to protect the identity of the minor child.

---

*Retired Senior Judge assigned to the Superior Court.

which [was] denied on November 18. Failing that, Father sought on December 4, 2015 to discontinue the custody trial. After it was made clear to the [c]ourt that both Mother and child still wished to hold the trial, [the trial court] denied Father leave to discontinue the action. … Father appealed the same day.[2] On December 16, the [c]ourt held its custody [trial]. [Father was not present for the trial.]

The [c]ourt issued a corresponding order on December 17, 2015, docketed on December 18, 2015.

Trial Court Opinion, 2/11/16, at 2-3. On January 12, 2016, this timely appeal followed.

For the reasons that follow, Father's appeal cannot proceed as he failed to preserve any issues for our review. Therefore, we do not reach the merits of Father's claims.

As a preliminary matter, our Rules of Appellate Procedure require an appellant in a Children's Fast Track case to file a concise statement of errors complained of on appeal with his or her notice of appeal. Pa.R.A.P. 905(a)(2); Pa.R.A.P. 1925(a)(2)(i). A failure to file a Rule 1925 concise statement contemporaneously with the notice of appeal results in a defective notice of appeal, to be disposed of on a case-by-case basis. *In re K.T.E.L.*, 983 A.2d 745, 747 (Pa. Super. 2009).

This Court has stated, "the extreme action of dismissal should be imposed by an appellate court sparingly, and clearly would be inappropriate when there has been substantial compliance with the rules and when the party [moving for quashal of the appeal]

---

[2] On December 28, 2015, this Court quashed the appeal as interlocutory.

has suffered no prejudice. *Stout v. Universal Underwriters Ins. Co.*, 421 A.2d 1047, 1049 (Pa. 1980). Accordingly, as there is no *per se* rule requiring quashal or dismissal of a defective notice of appeal, we hold that in the instant case and henceforth, the failure of an appellant in a [C]hildren's [F]ast [T]rack case to file contemporaneously a concise statement with the notice of appeal pursuant to [R]ule 905(a)(2) and 1925(a)(2), will result in a defective notice of appeal. The disposition of the defective notice of appeal will then be decided on a case by case basis under the guidelines set forth in *Stout*, *supra*.

*Id.*

The instant appeal is a Children's Fast Track case. Civil/Family Division Docket, entry at 1/12/16; Trial Court Opinion, 2/11/16, at 3; *see also*, *J.M.R. v. J.M.*, 1 A.3d 902, 906 (Pa. Super. 2010) (applying Children's Fast Track procedure to an appeal from a trial court order modifying child custody). Father apparently failed to comply with the Children's Fast Track requirement that he submit a 1925(b) statement contemporaneously with his notice of appeal.[3] *See* Civil/Family Division Docket, entry at 1/12/16; Trial Court Opinion, 2/11/16, at 3. Therefore, Father's notice of appeal is defective. *See K.T.E.L.*, 983 A.2d at 747. However, as Father's procedural misstep has not prejudiced the other party and does not impede our review

_____

[3] Although Appellant's reproduced record contains a copy of a 1925(b) statement apparently filed on February 8, 2016, the certified record which we must rely on exclusively does not make it clear as to whether Father failed to file contemporaneously a 1925(b) statement with his notice of appeal or failed to file such a statement at all. The trial court opinion states generically that "Father failed to abide by Pa.R.A.P. 1925(b) and Rule 905(a)(2)." Trial Court Opinion, 2/11/16, at 3. The relevant docket entry ambiguously describes the 1925(b) statement as "filed/not filed." Civil/Family Division Docket, entry at 1/12/16.

of the matter, we need not quash or dismiss his appeal for noncompliance. *See id*.

Father currently challenges the trial court's application of the custody factors set forth at 23 Pa.C.S.A. § 5328(a), the denial of his motions to compel discovery, and the appointment of counsel for the child. By failing to appear before the trial court at the custody trial on December 16, 2015 and present his evidence and arguments on the record, Father failed to preserve his issues for appellate review. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *see also*, *E.D. v. M.P.*, 33 A.3d 73, 80 (Pa. Super. 2011) (failing to object to alleged procedural issues before the trial court results in waiver of those issues on appeal).

Alternatively, we may dismiss this appeal because Father's brief substantially fails to conform to all requirements of the Pennsylvania Rules of Appellate Procedure. *Commonwealth v. Adams*, 882 A.2d 496, 497-98 (Pa. Super. 2005); Pa.R.A.P. 2101.

> The brief of the appellant . . . shall consist of the following matters, separately and distinctly entitled and in the following order:
>
> (1) Statement of jurisdiction.
> (2) Order or other determination in question.
> (3) Statement of both the scope of review and the standard of review.
> (4) Statement of the questions involved.
> (5) Statement of the case.
> (6) Summary of argument.

* * *

>    (8)    Argument for appellant.
>    (9)    A short conclusion stating the precise relief sought.
>    (10)   The opinions and pleadings specified in [s]ubdivisions (b)
>           and (c) of this rule.

Pa.R.A.P. 2111(a).

Father's brief only minimally conforms with (1) and (2) and omits anything that could be described as complying with (3), (5), (6), (8), and (9). Because Father failed to offer a coherent argument based on the application of law to the facts of his case, we have no opportunity for meaningful review. **See In re Estate of Whitley**, 50 A.3d 203, 209-210 (Pa. Super. 2012), *appeal denied*, 69 A.3d 603 (Pa. 2013); **see also**, **Iron Age Corp. v. Dvorak**, 880 A.2d 657, 665 (Pa. Super. 2005) ("This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority."). Father has instead chosen to summarily list a string of alleged "lies" and "absurdities," which does not comply with briefing standards. **In re Ullman**, 995 A.2d 1207, 1212 (Pa. Super. 2010) ("An appellant's generalized recitation of his version of the facts fails to meet pleading standards."), *appeal denied*, 20 A.3d 489 (Pa. 2011). The briefing standards apply with full force to *pro se* litigants. **Id.** at 1211-1212 ("Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant.").

For each of the foregoing reasons, we are constrained to find all of Father's claims waived for purposes of appeal.

- 5 -

Order affirmed.

Judge Shogan joins this Memorandum.

Judge Strassburger files a Dissenting Memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/24/2016