J. A19033/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.L.G., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 335 MDA 2018 |
| | : | |
| L.M.G. | : | |

Appeal from the Order Entered January 25, 2018.
in the Court of Common Pleas of Perry County
Civil Division at No. FC-2017-144

BEFORE:  GANTMAN, P.J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED: JANUARY 4, 2019**

M.L.G. ("Father") appeals **pro se** from the trial court's January 25, 2018 order confirming its prior custody order entered September 14, 2017.[1] L.M.G ("Mother") has filed a motion to dismiss or quash Father's appeal.  For the following reasons, we deny Mother's motion and affirm the order of the trial court.

The pertinent facts underlying this appeal, as gleaned from the certified record, are as follows.  J.A.G. ("Child") was born out of wedlock to Mother and Father in September 2013.  The parties ceased co-habitation at some point after Child's birth, although the exact date of the parties' separation is unclear

---

[1] The trial court's January 25, 2018 order indicates that its prior custody order was entered on September 12, 2017.  However, September 12, 2017, is the date of the order, and it was actually entered on September 14, 2017.

from the record. Upon separation, Mother maintained primary physical custody of Child. On June 12, 2017, Father filed a ***pro se*** complaint seeking partial physical custody of Child. The trial court scheduled a pretrial conference for July 11, 2017, which was ultimately held on July 27, 2017. Thereafter, on August 3, 2017, the trial court issued an interim order noting that the parties reached a temporary agreement pending participation in a custody conciliation conference, and granted Mother and Father shared physical custody of Child "as mutually agreed to by the parties." (Trial court order, 8/3/17 at ¶¶ A-B.)

Following a custody conciliation conference, the trial court issued a custody order on September 14, 2017, awarding shared legal custody of Child to Mother and Father, primary physical custody to Mother, and partial physical custody every other weekend to Father. (Trial court order, 9/14/17 at ¶¶ A-B.) On September 28, 2017, the trial court entered an order directing Father to submit to a criminal conviction evaluation pursuant to 23 Pa.C.S.A. § 5329.[2] Thereafter, on October 4, 2017, Mother filed a petition requesting

---

[2] Section 5329 provides, in relevant part, as follows:

> **(a) Offenses.--**Where a party seeks any form of custody, the court shall consider whether that party or member of that party's household has been convicted of or has pleaded guilty or no contest to any of the offenses in this section or an offense in another jurisdiction substantially equivalent to any of the offenses in this section. The court shall consider such conduct and determine that the party does not pose a threat

Father submit to a hair follicle drug test. On October 11 and 24, 2017, the

trial court entered orders directing Father to undergo hair follicle drug testing.

Thereafter, on November 7, 2017, the trial court again directed Father to

obtain hair follicle drug testing, at his expense, at Management Information

Services, by November 30, 2017.[3]

A custody hearing was ultimately held in this matter on January 5, 2018.

Following this hearing, the trial court entered an order on January 25, 2018,

confirming its September 14, 2017 custody order. In said order, the trial court

reiterated its concerns that Father has repeatedly disregarded its prior orders

directing him to submit to hair follicle drug testing as follows:

> The Court continues to be concerned that Father has
> continued to disregard this Court's previous orders of
> October and November directing that he submit to a
> hair follicle test. Father is therefore DIRECTED and
> ORDERED, once again, to submit to the hair follicle
> test and to have the results forwarded to this Court
> on or before February 15, 2018. In the event that the

> of harm to the child before making any order of
> custody to that party . . . .

23 Pa.C.S.A. § 5329(a).

[3] During the pendency of these custody proceedings, both parties filed Protection From Abuse ("PFA") petitions against each other. Following a hearing on October 11, 2017, the transcript of which does not appear in the certified record, the trial court found that Father did not meet his burden of proof and dismissed his PFA petition. (**See** trial court order, 10/11/17.) Mother, in turn, was granted a PFA against Father. Father subsequently filed a motion for reconsideration of the PFA order, which was denied on November 2, 2017. Father did not timely appeal this order. The time for appealing the October 11, 2017 dismissal of his PFA petition has long since passed, and any issues Father purports to raise with respect to this petition or any other custody matters are not properly before this court.

> Court does not receive any report prior to that date it shall STOP Father's visitation with the minor child and said visitation shall only be resumed upon a receipt from the testing facility that Father has passed said test.

Trial court order, 1/25/18 at ¶ 2.

On February 12, 2018, Father filed a timely notice of appeal but failed to attach a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(a)(2)(i) and Pa.R.A.P. 905(a)(2). On February 20, 2018, the trial court issued an order indicating that it was "not . . . aware of what issues [Father] is appealing," but that its January 25, 2018 opinion properly examined the custody factors supporting its decision, and it was declining to file a supplemental opinion. (Trial court order, 2/20/18.) Thereafter, on February 22, 2018, the trial court entered an order directing that Father's visitation with Child cease immediately following his repeated refusal to submit to a hair follicle drug test. (Trial court order, 2/22/18.) Father ultimately filed his concise statement on March 2, 2018. On April 20, 2018, Mother filed a motion to dismiss or quash Father's appeal.[4]

Preliminarily, we note that in children's fast track cases, there is no **per se** rule requiring that a defective notice of appeal be automatically quashed or dismissed. In **In re K.T.E.L.**, 983 A.2d 745 (Pa.Super. 2009), a panel of this court recognized that the failure to file a Rule 1925(a)(2)(i)

---

[4] By **per curiam** order entered July 12, 2018, Mother's application to quash or dismiss Father's appeal was deferred to the merits panel for disposition.

concise statement contemporaneously with the notice of appeal constitutes "a defective notice of appeal," and we dispose of such matters on a case-by-case basis pursuant to **Stout v. Universal Underwriters Ins. Co.**, 421 A.2d 1047 (Pa. 1980). **In re K.T.E.L.**, 983 A.2d at 747. In **Stout**, our supreme court held that "[t]he extreme action of dismissal should be imposed by an appellate court sparingly, and clearly would be inappropriate when there has been substantial compliance with the rules and when the party [moving for quashal of the appeal] has suffered no prejudice." **Stout**, 421 A.2d at 1049. Based on the foregoing principles, we decline to dismiss Father's appeal on this basis.

Alternatively, this appeal could be dismissed based on Father's woefully deficient **pro se** appellate brief. As noted, Mother has filed a motion to dismiss or quash Father's appeal, in part, on this basis. (**See** "Motion to Quash or Dismiss Appeal," 4/20/18 at ¶¶ 6-14.)

It is well settled that parties to an appeal are required to submit briefs in conformity, in all material respects, with the requirements of the Rules of Appellate Procedure, as nearly as the circumstances of the particular case will admit. Pa.R.A.P. 2101. "Although this Court is willing to liberally construe materials filed by a **pro se** litigant, **pro se** status confers no special benefit upon the appellant." **In re Ullman**, 995 A.2d 1207, 1211-1212 (Pa.Super. 2010) (citations omitted), **appeal denied**, 20 A.3d 489 (Pa. 2011). We will not advocate or act as counsel for an appellant who has not substantially complied with our rules. **Bombar v. W. Am. Ins. Co.**, 932 A.2d 78, 93

(Pa.Super. 2007) (citation omitted). "This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." **Ullman**, 995 A.2d at 1211 (citation omitted); **see also** Pa.R.A.P. 2101.

Here, Father's brief falls well below the standards delineated in Rule 2111(a). Specifically, we observe that Father's brief contains no statement of jurisdiction, no specification of the order or determination sought to be reviewed, no statement of the scope or standard of review, no statement of the case, and no summary of the argument. Pa.R.A.P. 2111(a)(1)-(3), (5)-(6). Among other significant deficiencies, Father's brief also fails to set forth a specific statement of the questions involved. **See id.** at 2111(a)(4). Father's failure to include a statement of the questions involved is particularly troubling as this requirement defines the specific issues this court is being asked to review. **See** Pa.R.A.P. 2116(a) (stating, **inter alia**, that "the statement will be deemed to include every subsidiary question fairly comprised therein. No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Moreover, Father's brief does not include a single citation to the notes of testimony or any relevant legal authority. **See Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.**, 959 A.2d 438, 444 (Pa. Super. 2008) (stating, "[t]he Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority.

Failure to do so constitutes waiver of the claim[]") (citations omitted), **appeal denied**, 972 A.2d 522 (Pa. 2009); **see also** Pa.R.A.P. 2119(a) and (b).

Given the substantial defects in Father's brief, we could dismiss his appeal for failure to comply with our Rules of Appellate Procedure. However, in light of the fact that this case proceeded to oral argument, we will briefly address Father's sole cognizable issue on appeal. Here, Father has appealed that part of the trial court's January 25, 2018 order confirming its prior custody order entered September 14, 2017, that directed him to submit to a hair follicle drug test, the failure of which would result in the cessation of Father's visitation with Child. As best we can discern from his defective brief, Father's only cognizable issue on appeal is that the trial court erred in terminating his visitation with Child due to his repeated failure to submit to a hair follicle drug test. (Father's brief at 5.[5]) Father avers that the hair follicle drug test is "intrusive," and he has a constitutional right to refuse the test, presumably under the Fourth Amendment to the United States Constitution. (**Id.**)

Our standard of review in custody matters is well settled.

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound

---

[5] Father's brief does not contain pagination. However, for the ease of our discussion, we have assigned each page a corresponding number.

> by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*G.A. v. D.L*., 72 A.3d 264, 268-269 (Pa.Super. 2013) (citations and internal quotation marks omitted).

"When a trial court orders a form of custody, the best interest of the child is paramount." *S.W.D. v. S.A.R.*, 96 A.3d 396, 400 (Pa.Super. 2014) (citation omitted). To determine the child's best interest, the trial court must consider the 16 factors set forth at 23 Pa.C.S.A. § 5328(a) when awarding custody. *Id.*

Contrary to Father's contention, this court has recognized that a trial court possesses the broad authority, pursuant to Pa.R.C.P. 1915.8, to order a party to undergo any mental and physical examinations it deems fit in actions for custody or visitation, and such examinations do not violate the Fourth Amendment. *See Luminella v. Marcocci*, 814 A.2d 711, 722 (Pa.Super. 2002) (holding that, a provision in child custody order requiring mother to undergo random drug testing did not violate reasonableness requirement of Fourth Amendment). Rule 1915.8, **Physical and Mental Examination of Persons**, provides as follows: "[t]he court may order the child(ren) and/or any party to submit to and fully participate in an evaluation by an appropriate expert or experts." Pa.R.C.P. 1915.8(a). "The authority provided to courts

by [Rule] 1915.8 is a manifestation of Pennsylvania's compelling interest in the welfare of children." *Id.* at 724.

Instantly, the trial court properly addressed each of the factors outlined in Section 5328(a) in fashioning the September 14, 2017 custody order. *See J.R.M. v. J.E.A.*, 33 A.3d 647, 652 (Pa.Super. 2011) (stating, "[a]ll of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order[]" (citation and emphasis omitted)). In addressing factor 14, "The history of drug or alcohol abuse of a party or member of a party's household[,]" the trial court explicitly found that:

> Father does have a DUI and a Felony conviction for Possession with Intent to Deliver, Conspiracy, and, therefore, this Factor weighs in Mother's fa[vor].
>
> **The Court would also note in the Memo that Father has been ordered since October of 2017 to obtain a hair follicle drug test, which he has failed and refused to do.**

Trial court opinion, 1/25/18 at 3 (emphasis added).[6]

Upon review, we find that the record supports the trial court's findings. Father was ordered by the trial court no less than four times between October 11, 2017 and January 25, 2018, to submit to a hair follicle drug test to maintain his visitation with Child, but has repeatedly refused to comply with the court's myriad orders. As discussed, the trial court clearly possessed the

---

[6] The trial court's January 25, 2018 opinion not contain pagination. However, for the ease of our discussion, we have assigned each page a corresponding number.

authority to do so under Rule 1915.8. Accordingly, we discern no abuse of discretion on the part of the trial court in terminating Father's visitation with Child. We, therefore, affirm the trial court's January 25, 2018 order confirming its prior custody order entered September 14, 2017.

Order affirmed. Motion to quash denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/04/2019