J-A06033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HOOK-N-HAUL, LLC AN OHIO LIMITED LIABILITY COMPANY | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : : | |
| v. | : : : | |
| | : | No. 814 WDA 2020 |
| MICHAEL BURR, AN INDIVIDUAL, UNCLE MIKE'S TOWING & RECOVERY A PENNSYLVANIA LIMITED LIABILITY COMPANY | : : : : | |

Appeal from the Order Entered June 23, 2020
In the Court of Common Pleas of Butler County Civil Division at No(s):
G.D. No.20-10423

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:          **FILED: MARCH 2, 2021**

Hook-N-Haul, LLC, an Ohio limited liability company (Appellant), appeals from the order entered in the Butler County Court of Common Pleas, denying its motion for preliminary injunction against Michael Burr (Burr), an individual, and Uncle Mike's Towing & Recovery, a Pennsylvania limited liability company (Uncle Mike's) (collectively, Appellees).  On appeal Appellant contends:  (1) its notice of appeal was timely filed; (2) the trial court erred when it found it lacked jurisdiction to rule on the motion; and (3) the trial court improperly denied the motion without a hearing or any response from Appellees.  Because we conclude the trial court erred in denying the motion based upon a lack of jurisdiction and absent a hearing, we reverse the order on appeal and remand for further proceedings.

We garner the following facts underlying the parties' dispute from Appellant's complaint. In June of 2019, Appellant, an Ohio company, purchased the assets — including a customer list and phone number — from a Pennsylvania towing business, and began operating a towing and repair company in Butler County, Pennsylvania. Appellant's Complaint, 5/29/20, at ¶¶ 1, 6, 9. Burr was a "senior employee" at the former company. *Id.* at ¶ 10. Appellant hired him as a driver and mechanic, who also had management responsibilities. *Id.* at ¶ 11. On June 24, 2019, ancillary to his employment with Appellant, Burr signed a non-disclosure agreement, which, *inter alia*, precluded him from engaging in competition with Appellant or using any confidential information obtained during his employment for a period of two years after any termination. *See id.* at ¶¶ 11-12, 14-17. Relevant to the issue raised herein, the non-disclosure agreement includes the following provision:

### Governing Law

This Agreement will be construed in accordance with and governed by the laws of the State of Ohio.

*Id.* at Exhibit 1, Non-Disclosure Agreement, 6/24/19, at 3 (unpaginated).

Burr terminated his employment with Appellant on September 12, 2019. Appellant's Complaint at ¶ 20. Shortly thereafter, he started his own towing company, Uncle Mike's. *Id.* at ¶ 21. Appellant asserts Burr used "proprietary information" he obtained as an employee of Appellant to divert clients to his

new company, and made "disparaging statements" about Appellant, which resulted in "financial damage." *Id.* at ¶¶ 22, 24.

On May 29, 2020, Appellant filed a civil complaint against Appellees, seeking both injunctive relief and money damages for claims of breach of contract, intentional interference with business relations, commercial disparagement, and unfair competition. *See* Appellant's Complaint at ¶¶ 27-55.

On June 23, 2020, Appellant filed a motion for a preliminary injunction, requesting the court prohibit Appellees from "operating their towing business in competition [with Appellant] during the pendency of this action." Appellant's Motion for Preliminary Injunction, 6/23/20, at 8. That same day, the parties appeared before the trial court. Counsel for Appellant explained: "[W]e are asking for at this stage . . . the issuance of a Rule to Show Cause, predominately to set . . . a hearing date whereupon we expect the Court to take evidence and make a determination on the issuance of an injunction." N.T., 6/23/20, at 3. Counsel for Appellees agreed that the parties were appearing "only to . . . set the hearing date." *Id.* at 3-4. However, the trial court inquired why it had jurisdiction in the matter, noting the provision in the non-disclosure agreement to apply Ohio law. *Id.* at 4. The court stated: "I am not going to apply Ohio law. This case belongs in Ohio." *Id.* The court instructed the parties:

> Take it to Ohio, get Ohio to [do] whatever they want to do. If they issue an injunction then bring the injunction here and I will enforce it, but I am not going to apply Ohio law.

- 3 -

*Id.* Although counsel for both Appellant and Appellees agreed the provision at issue referred to the Agreement's choice of law, and not jurisdiction, the trial court insisted it was unqualified to apply Ohio law. *See id.* at 5-7. Thus, it entered an order denying Appellant's motion for preliminary injunction. Order, 6/23/20. Specifically, the court explained that, pursuant to the provision of the Agreement which states it "is to be construed in accordance with and governed by Ohio law," the court would "not assume jurisdiction over this motion for preliminary injunction." *Id.*

Appellant filed a notice of appeal that was docketed on July 30, 2020.[1] On September 2, 2020, this Court ordered Appellant to show cause why the appeal should not be quashed as untimely. Order, 9/2/20. Appellant filed a timely response, and this Court discharged the show cause order on September 28, 2020.

Appellant raises the following three questions for our review:

I. Did Appellant timely file its Notice of Appeal, and was the Rule to Show Cause issued by the Superior Court properly discharged?

II. Did the trial court err in denying . . . Appellant's Motion for Preliminary Injunction for lack of jurisdiction, whether personal or subject matter jurisdiction, where (1) . . . Appellees have not challenged personal jurisdiction; (2) personal jurisdiction is clearly demonstrated by the record; (3) the trial court's decision was not based upon any evidence; and (4) subject matter jurisdiction plainly exists on the face of the record?

---

[1] Appellant complied with the trial court's directive to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

III. Did the trial court err in denying . . . Appellant's Motion for Preliminary Injunction without scheduling a hearing; without consideration of any testimony and/or evidence; and before . . . Appellees provided any response to . . . Appellant's Motion for Preliminary Injunction?

Appellant's Brief at 3.

Appellant's first issue concerns the timeliness of its notice of appeal. "It is well-established that 'timeliness is jurisdictional, as an untimely appeal divests this Court of jurisdiction to hear the merits of the case.'" *Affordable Outdoor, LLC v. Tri-Outdoor, Inc.*, 210 A.3d 270, 274 (Pa. Super. 2019).

Although an order denying a motion for a preliminary injunction is not a final order, "it is, nevertheless, an interlocutory order appealable as of right pursuant to Pa.R.A.P. 311(a)(4)." *Cleveland Asphalt Inc. v. Coal. For a Fair & Safe Workplace*, 886 A.2d 271, 275 n.3 (Pa. Super. 2005). *See* Pa.R.A.P. 311(a)(4) ("An appeal may be taken as of right . . . from . . . [a]n order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction[.]"). Thus, in the present case, Appellant was required to file a notice of appeal within 30 days of the court's order denying its motion for preliminary injunction — that is, by July 23, 2020. *See* Pa.R.A.P. 903(a) (notice of appeal must be filed "within 30 days after the entry of the order from which the appeal is taken"). Appellant's notice of appeal, docketed on July 30, 2020, is facially untimely.

Nevertheless, in its response to this Court's show cause order, Appellant explained that it had confirmed with the trial court prothonotary, *via* telephone, that its notice of appeal was received one day before the July 23,

2020, filing deadline. ***See*** Appellant's Letter Response, 9/8/20, at 1 (unpaginated). However, Appellant claims that on July 24th, it was "informed that the Notice of Appeal would need to be re-submitted due to an issue with signatures thereupon." ***Id.*** Appellant re-submitted the notice of appeal, which was not docketed until July 30th.

Lending credence to its explanation, Appellant emphasizes that the trial court's Rule 1925(b) order, which was docketed on **July 21st**, states Appellant "filed a Notice of Appeal to [the] Superior Court in this matter[.]" Order, 7/21/20. Further, the trial court confirms in its opinion that it "was **served** with a copy" of Appellant's notice of appeal "on or about **July 21, 2020**[.]" Trial Ct. Op., 9/11/20, at 2 (emphasis added). Nonetheless, because the notice was not "filed with the Office of the Prothonotary of Butler County" until July 29th, and not docketed until July 30th, the trial court insists the appeal was untimely filed and should be quashed. ***Id.*** at 2-3.

We decline to quash this appeal. Pennsylvania Rule of Appellate Procedure 905 directs that "[u]pon receipt of the notice of appeal, the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket." Pa.R.A.P. 905(a)(3). Indeed, it is well settled that "[t]he clerk of courts . . . lacks the authority to reject, as defective, a timely notice of appeal." ***Commonwealth v. Williams***, 106 A.3d 583, 588 (Pa. 2014). Moreover, Rule 902 provides, in relevant part:

> Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.

Pa.R.A.P. 902.

Here, Appellant avers, and the trial court acknowledges, that it submitted a notice of appeal within the requisite 30-day period. However, due to an "issue with signatures," the document had to be re-submitted, and was ultimately docketed after the 30-day appeal period. Appellant's Letter Response at 1. Pursuant to Rule 905(a)(3), the trial court prothonotary should have time-stamped and docketed Appellant's notice of appeal on the date it was submitted, regardless of whether it lacked proper signatures. *See* Pa.R.A.P. 905(a)(3). Accordingly, in our view, Appellant's signature error falls squarely within the exception of Rule 902. *See Stout v. Universal Underwriters Ins. Co.*, 421 A.2d 1047, 1049 (Pa. 1980) (appellants' failure to docket notice of appeal in Superior Court, under prior Rule 907, until after 30-day appeal period did not warrant quashal of appeal; notice was filed in trial court and served on judge and opposing party within requisite period, and opposing party "neither . . . alleged nor proved any prejudice"); *Meadows v. Goodman*, 993 A.2d 912, 914 (Pa. Super. 2010) (appellants' failure to serve notice of appeal on trial judge, concurrently with filing in court, did not warrant quashal of appeal). As the Supreme Court explained in *Stout*:

> The extreme action of dismissal should be imposed by an appellate court sparingly, and clearly would be inappropriate when there

- 7 -

has been substantial compliance with the rules and when the moving party has suffered no prejudice.

**Stout**, 421 A.2d at 1049. Here, Appellees aver no prejudice, and, thus, we decline to quash this appeal.

Appellant's next two issues challenge the trial court's decision to deny Appellant's motion for a preliminary injunction based upon a lack of jurisdiction, and without first conducting a hearing or receiving a response from Appellees. **See** Appellant's Brief at 16, 23. We agree Appellant is entitled to relief.

Our review of the transcript from the June 23, 2020, hearing reveals the trial court concluded it lacked jurisdiction to consider Appellant's motion based solely upon the Ohio law provision in the parties' non-disclosure Agreement. **See** N.T., 6/23/20, at 4-7; Order, 6/23/20. As noted above, however, that provision applies solely to the parties' "choice of law" in **construing** the agreement — it does not state the parties agree to submit to the jurisdiction of the state of Ohio. **See** Appellant's Complaint, at Exhibit 1, Non-Disclosure Agreement, at 3 ("This Agreement will be construed in accordance with and governed by the laws of the State of Ohio."). This Court has explained that "a provision in an agreement that the laws of a particular forum are to govern disputes arising under the agreement is not the equivalent of a consent to personal jurisdiction." **Bancorp Grp., Inc. v. Pirgos, Inc.**, 744 A.2d 791, 794 (Pa. Super. 2000).

Furthermore, we agree with Appellant that the trial court had both personal and subject matter jurisdiction over this dispute. Burr resides in

- 8 -

Pennsylvania and Uncle Mike's is incorporated in Pennsylvania. *See* 42 Pa.C.S. § 5301(a)(1)(ii), 3(i) (Pennsylvania jurisdiction lies when individual is domiciled in Commonwealth or corporation is incorporated within Commonwealth); Appellant's Complaint at ¶¶ 2-3. Moreover, in their brief, Appellees explicitly state they "do not contest [the] trial court's jurisdiction to hear the motion for preliminary injunction." Appellees' Brief at 3. To the contrary, Appellees concur that "the agreement contained a **choice of law provision** selecting Ohio law rather than a jurisdictional requirement as to where the case may be filed." *Id.* at 4 (emphasis added).

We also agree that the trial court had subject matter jurisdiction over the action.

> "Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented." "The trial court has jurisdiction if it is competent to hear and determine controversies of the general nature of the matter involved *sub judice.*"

*Step Plan Servs., Inc. v. Koresko*, 12 A.3d 401, 417 (Pa. Super. 2010) (citations omitted). Here, the trial court had jurisdiction to consider the terms of the non-disclosure contract executed by Appellant and Burr.

Appellant also contends the trial court erred when it denied the motion without first conducting a hearing, or receiving any response from Appellees. Appellant's Brief at 23. Again, we agree.

Pennsylvania Rule of Civil Procedure 1531 provides, in relevant part:

> A court shall issue a preliminary . . . injunction **only after written notice and hearing** unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained

before notice can be given or a hearing held, in which case the court may issue a preliminary . . . injunction without a hearing or without notice.

Pa.R.C.P. 1531(a) (emphasis added). Thus, while Rule 1531(a) permits a trial court to **grant** a preliminary injunction absent a hearing in certain circumstances, it does not similarly permit a court to **deny** a motion for a preliminary injunction without first conducting a hearing. ***See Beck Computing Services Inc. v. Anderson***, 524 A.2d 990, 992 (Pa. Super. 1987) (holding trial court erred in denying preliminary injunction without a hearing when court "lacked a sufficient factual basis for determining whether or not the other prerequisites for injunctive relief were present").

Thus, because we conclude the trial court erred when it denied Appellant's motion for a preliminary injunction based upon a lack of jurisdiction, and without first conducting a hearing, we reverse the order, and remand for a proper hearing.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished. We direct the Prothonotary to remove this case from the March 17, 2021, argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/2/2021