J-S05001-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: O.J.K., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: W.M.C., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1105 WDA 2022 |

Appeal from the Decree Entered August 25, 2022
In the Court of Common Pleas of Blair County Orphans' Court at No(s):
No. 2022 AD8

| | | |
|---|---|---|
| IN RE: K.W.K., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: W.M.C., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1106 WDA 2022 |

Appeal from the Decree Entered August 25, 2022
In the Court of Common Pleas of Blair County Orphans' Court at No(s):
2022 AD 8A

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED: MARCH 21, 2023**

W.M.C. (Mother) appeals from the decrees entered on August 25, 2022, that granted the petitions filed by the Blair County Children, Youth and Families (CYF or Agency) to involuntarily terminate Mother's parental rights to O.J.K., born in December of 2020, and K.W.K., born in February of 2019,

(collectively Children).[1]  Following our review, we affirm the decrees on appeal.[2]

In its opinion, the trial court provided a procedural overview of the case, stating:

> The above [C]hildren were subject to dependency proceedings in the Juvenile Division of the Court of Common Pleas of Blair County.  During the dependency proceedings, this [c]ourt entered Orders regarding both [C]hildren on November 19, 2021[,] changing the goals to adoption.  Those Orders outlined the [c]ourt's factual reasoning for the goal of adoption.  Subsequent[] to the entry of these Orders, the Agency filed petitions to terminate the parental rights of the parents of the subject [C]hildren.  These petitions were filed against the biological [M]other and biological [F]ather on March 17, 2022.  Hearings occurred on the Agency's Petitions for Termination of Parental Rights on July 7, 2022[,] and August 18, 2022.  This [c]ourt entered Final Decrees regarding both subject [C]hildren on August 24, 2022[,] granting the Agency's Petition[s] for Termination of Parental Rights.  The Final Decrees contained this [c]ourt's legal conclusions and also indicated that the facts as contained in the Petitions for Involuntary Termination of Parental Rights were true.  … Neither parent filed a [timely] Concise Statement of Matters Complained of on Appeal as required by the Rules of Appellate Procedure.  Therefore, this [c]ourt believes that any issues are waived.
>
> To the extent that the parents' appeals are not waived, this [c]ourt believes that our Final Decrees of August 24, 2022[,] which adopted the facts contained in the Petition for Involuntary Termination of Parental Rights as well as the factual basis contained in our goal change Orders of November 19, 2021[,] provide sufficient factual and legal support for the [c]ourt's decision to grant the Agency's Petitions for Termination of Parental

_____

[1] Although C.A.K.'s (Father) parental rights were also terminated in regard to both Children at the same time Mother's were terminated, Father is not a party to this appeal.

[2] This Court consolidated Mother's two appeals *sua sponte* by order dated December 13, 2022.

> Rights. We incorporate our Final Decrees and Dependency Order[s] of November 19, 2021[,] into this Opinion.

Trial Court's Opinion (TCO), 11/7/2022, at 1-2.

The Petitions for Termination of Parental Rights, filed by the Agency on March 1, 2022, outline the facts of this matter, indicating that O.J.K. was removed from the parents' care on December 31, 2020, and K.W.K. was removed from the parents' care on July 21, 2021. With regard to Mother, the Petitions, which the trial court found to be factually true, state that Mother has a history of criminal activity, illicit drug use, and a lack of stable and independent housing. Although in August of 2021 Mother was successfully discharged from inpatient drug and alcohol treatment, by October 2021, she again tested positive for heroin and fentanyl and refused to re-attend inpatient drug rehabilitation for detoxification and long-term treatment. Mother also did not cooperate with the Agency and with law enforcement in that she failed to keep in contact with her probation officer and had outstanding warrants for her arrest due to a failure to comply with her supervision conditions. Mother also stopped participating in reunification services with the Agency and stopped exercising her four-hours-per-week visitation sessions with the Children.

Following the court's filing of its decrees terminating Mother's parental rights to the two Children on August 25, 2022, Mother filed a *pro se* appeal to this Court on September 23, 2022. However, she did not file a concise statement of errors complained of on appeal concurrently with her appeal. Rather, her attorney filed a statement on her behalf on September 28, 2022.

Thus, we must first determine whether Mother has waived her issues as the trial court suggests. We rely on this Court's reasoning in the case of ***J.P. v. S.P.***, 991 A.2d 904, 907 (Pa. Super. 2010), wherein a mother "failed to file a concise statement of errors complained of on appeal concurrently with her notice of appeal[,]" which is required by Pa.R.A.P. 1925(a)(2)(i). The ***J.P.*** opinion explains:

> In ***In re K.T.E.L.,*** 983 A.2d 745 (Pa. Super. 2009), this Court addressed a similar issue and declined to extend the bright-line waiver rule the Supreme Court adopted in ***Commonwealth v. Castillo,*** 585 Pa. 395, 888 A.2d 775 (Pa. 2005), to deem the appellant's issues waived in a children's fast track case for failing to comply with the amended rule strictly. Specifically, we held,
>
>> the failure of an appellant in a children's fast track case to file contemporaneously a concise statement with the notice of appeal pursuant to rules 905(a)(2) and 1925(a)(2), will result in a defective notice of appeal. The disposition of the defective notice of appeal will then be decided on a case by case basis under the guidelines set forth in ***Stout v. Universal Underwriters Ins. Co.,*** 491 Pa. 601, 421 A.2d 1047, 1049 (Pa. 1980).
>
> ***K.T.E.L.,*** 983 A.2d at 747. In reaching this decision, we distinguished between a court-ordered Rule 1925(b) statement and one mandated by a procedural rule. Essentially, we reasoned that by failing to file the Rule 1925(b) statement concurrently with the notice of appeal, the appellant violated our rules of appellate procedure and not a trial court order as in ***Castillo. Id.*** at 747 n.1. Accordingly, we concluded that a bright-line application of the waiver rule was not warranted in that case for violating the procedure outlined in Pa.R.A.P. 1925(a)(2)(i).
>
> Herein, [the m]other failed to file the Rule 1925(b) statement concurrent with her notice of appeal. However, mindful of our holding in ***K.T.E.L.,*** we decline to find [the m]other's issues waived merely for violating the procedural rules outlined in Pa.R.A.P. 1925(a)(2)(i). Nevertheless, as noted *supra,* [the

m]other not only failed to comply with Pa.R.A.P. 1925(a)(2)(i), but she also failed to comply with the trial court's order to file a Rule 1925(b) statement within twenty-one days of the date of the order. Unlike the reasoning underlying our rationale in **K.T.E.L.,** relating to violations of procedural rules, an appellant's failure to comply with an **order** to file a Rule 1925(b) statement in a timely manner constitutes waiver of all objections to the order, ruling, or other matter complained of on appeal. **See Commonwealth v. Lord,** 553 Pa. 415, 719 A.2d 306 (Pa. 1998); **Castillo, supra.** This waiver rule applies to family law cases. **In re L.M.,** 923 A.2d 505, 509 (Pa. Super. 2007).

**J. P.**, 991 A.2d at 907-08 (emphasis in original). Accordingly, in accordance with **J.P.**, we conclude in the present matter that Mother's issues were not waived in that she only violated the pertinent procedural rule but did not fail to comply with a court order. Thus, we proceed with a review of Mother's issues now before our Court.

Mother listed the following in her brief:

I. Whether the court erred in terminating [Mother's] parental rights where she had previously made great strides towards reunification, and was successful in her efforts for a substantial period of time.

II. Whether the court erred in terminating [Mother's] parental rights prior to determining the outcome of her criminal charges for which she was incarcerated.

Mother's brief at 4.

We review an order terminating parental rights in accordance with the following standard:

When reviewing an appeal from a decree terminating parental rights, we are limited to determining whether the decision of the trial court is supported by competent evidence. Absent an abuse of discretion, an error of law, or insufficient evidentiary support for the trial court's decision, the decree must

- 5 -

stand. Where a trial court has granted a petition to involuntarily terminate parental rights, this Court must accord the hearing judge's decision the same deference that we would give to a jury verdict. We must employ a broad, comprehensive review of the record in order to determine whether the trial court's decision is supported by competent evidence.

*In re R.N.J.*, 985 A.2d 273, 276 (Pa. Super. 2009) (quoting *In re S.H.*, 879 A.2d 802, 805 (Pa. Super. 2005)). Moreover, we have explained that:

> The standard of clear and convincing evidence is defined as testimony that is so "clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue."

*Id.* (quoting *In re J.L.C. & J.R.C.*, 837 A.2d 1247, 1251 (Pa. Super. 2003)). The trial court is free to believe all, part, or none of the evidence presented and is likewise free to make all credibility determinations and resolve conflicts in the evidence. *In re M.G.*, 855 A.2d 68, 73-74 (Pa. Super. 2004). If competent evidence supports the trial court's findings, we will affirm even if the record could also support the opposite result. *In re Adoption of T.B.B.*, 835 A.2d 387, 394 (Pa. Super. 2003).

We are guided further by the following: Termination of parental rights is governed by Section 2511 of the Adoption Act, which requires a bifurcated analysis.

> Our case law has made clear that under Section 2511, the court must engage in a bifurcated process prior to terminating parental rights. Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in Section 2511(a). Only if the court determines that the parent's conduct warrants termination of his or her parental rights does the court engage in the second part of

the analysis pursuant to Section 2511(b): determination of the needs and welfare of the child under the standard of best interests of the child. One major aspect of the needs and welfare analysis concerns the nature and status of the emotional bond between parent and child, with close attention paid to the effect on the child of permanently severing any such bond.

*In re L.M.*, 923 A.2d 505, 511 (Pa. Super. 2007) (citing 23 Pa.C.S. § 2511, other citations omitted). The burden is upon the petitioner to prove by clear and convincing evidence that the asserted grounds for seeking the termination of parental rights are valid. *R.N.J.*, 985 A.2d at 276.

The trial court's decrees terminated Mother's parental rights pursuant to section 2511(a)(2), (5) and (b). We need only agree with the trial court as to any one subsection of section 2511(a), as well as section 2511(b), in order to affirm. *In re B.L.W.*, 843 A.2d 380, 284 (Pa. Super. 2004) (*en banc*). Here, we analyze the court's decision to terminate under sections 2511(a)(2), which provides:

> **(a) General rule.--**The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:
>
> ***
>
> (2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.

23 Pa.C.S. § 2511(a)(2). To address whether the trial court abused its discretion by terminating Mother's parental rights pursuant to section 2511(a)(2), we are further guided by the following:

> In order to terminate parental rights pursuant to 23 Pa.C.S.[] § 2511(a)(2), the following three elements must be met: (1) repeated and continued incapacity, abuse, neglect or refusal; (2) such incapacity, abuse, neglect or refusal has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being; and (3) the causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied.

*In re Adoption of M.E.P.*, 825 A.2d 1266, 1272 (Pa. Super. 2003) (citation omitted). "The grounds for termination due to parental incapacity that cannot be remedied are not limited to affirmative misconduct. To the contrary, those grounds may include acts of refusal as well as incapacity to perform parental duties." *In re A.L.D.*, 797 A.2d 326, 337 (Pa. Super. 2002) (citations omitted).

With regard to Mother's first issue, she contends that the evidence supporting the termination of her parental rights was not clear and convincing. Specifically, Mother asserts that "[s]he attended visits and focused on drug rehabilitation efforts, attending multiple rehab programs, including inpatient, in [an] attempt to stay sober for her [C]hildren." Mother's brief at 7. Mother noted that the care of K.W.K. by her mother, who was using illicit substances, resulted in the child's removal. At that time, Mother claims that she herself was making strides in improving conditions that had led to the finding of dependency. However, despite this argument, Mother then acknowledges that

since July of 2021, she "severed contact with the Agency and discontinued services, which ultimately led to the Agency['s] seeking termination of [her] parental rights." *Id.*  Then, Mother asserts that, at the termination hearing, she argued that "if given the opportunity, she would continue with services and remedy the conditions noted by the Agency." *Id.*  Essentially, Mother is claiming that her earlier efforts should be given substantial weight.[3]

Having reviewed the record, we conclude that it supports the findings of the trial court that Mother has not provided Children with the essential parental care, control and subsistence necessary for their mental and physical well-being.  While the trial court noted Mother's earlier, positive accomplishments, it is clear that Mother will not, or cannot, become a capable parent for Children at any point in the foreseeable future.  Thus, we conclude that the court's determination that the Agency carried its burden of proving the statutory grounds for termination under subsection 2511(a)(2) is supported by the evidence.  Therefore, Mother is not entitled to relief.

In her second issue, Mother argues that little weight should have been given to her incarcerated status by the trial court, because "very little was known about what would transpire with regard to [Mother's] criminal circumstances."  Mother's brief at 8.  Mother also contends that if she had been granted reconsideration and admitted into the court's drug program, her

---

[3] Mother does not include any argument directed at subsection 2511(b).

"criminal circumstances could have been remedied within a reasonable period of time." *Id.* Mother overlooks the fact that her unresolved drug use in the past two years has been chronic and that even if she is not incarcerated for an extensive period of time, she will be required to re-establish her ability to provide safety and stability for the Children. A child's life cannot be put on hold in the hope that the parent will summon the ability to handle the responsibilities of parenting. *In re C.L.G.*, 956 A.2d 999 (Pa. Super. 2008) (citing *In re Z.S.W.*, 946 A.2d 726, 732 (Pa. Super. 2008)). Moreover, "[t]he trial court, as the finder of fact, is entitled to weigh the evidence and assess its credibility." *Id.* It is evident that the trial court here determined that the Children should not be subjected to an extended period without permanency. Mother has not convinced this Court otherwise.

Decrees affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2023