J-A04001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ERIC J. HAMADAY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LORI D. HAMADAY | : | No. 1959 EDA 2023 |

Appeal from the Order Entered June 21, 2023
In the Court of Common Pleas of Montgomery County
Civil Division at No:  2017-15205

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J:                **FILED APRIL 29, 2024**

Eric J. Hamaday ("Father") appeals *pro se* from the order entered on June 21, 2023, in the Court of Common Pleas of Montgomery County, that granted the petition for special relief filed by Lori D. Hamaday ("Mother") in the custody matter involving their ten-and-eleven-year-old sons, G.H. and C.H. ("the children").[1]  In addition, Father appeals from the order entered on June 22, 2023, that appointed a parenting coordinator for the parties and allocated that the fee be shared equally by the parties.  We affirm.

By way of relevant background, the record reveals that the parties have participated in protracted child custody and child support litigation since

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Honorable Daniel J. Clifford presided over the underlying custody matter involving the parties' two sons born during their marriage.

approximately 2017, during which Father has continuously represented himself *pro se*. By *interim* order in July of 2018, Judge Clifford directed that the parties participate in family counseling for the purpose of resolving co-parenting issues without litigation. The existing custody order, which was entered after a full evidentiary hearing on September 13, 2019 ("existing order"), maintained the requirement and further directed that the parties use Dr. Darlene Link as their family counselor. This provision was modified by order dated June 24, 2022, wherein the court directed that the parties resume family counseling with a counselor of their choice, but if they are unable to agree, then the court would select a counselor for them. The court expressed its preference for Dr. Link to serve in this role.

It also is important to note that the existing order awarded the parties shared legal and physical custody every week,[2] and it set forth a holiday schedule. Relevant to this appeal is the Christmas schedule, as follows.

> **Christmas Eve**: From 11:00 AM overnight until Christmas Day at 11:00 AM: with Mother in odd years/Father in even years;

> **Christmas Day**: From 11:00 AM overnight until December 26th at 11:00 AM: with Mother in odd years/Father in even years.

Existing Order, 9/13/19, at ¶ 5(k), (l).

_____

[2] Specifically, the existing order provided that the parties share weekly custody by alternating Monday after school until Wednesday morning, and Wednesday after school until Friday morning. The existing order also provided that they alternate custody on weekends from Friday after school until Monday morning.

Mother filed the subject petition for special relief on May 1, 2023, wherein she requested a "slight adjustment to the holiday schedule to reflect the actual Christmas schedule that the parties have been observing for several years." Trial Court Opinion, 10/25/23, at 3. Specifically, Mother requested an award of custody every Christmas Day and for Father every Christmas Eve.

In addition, Mother requested that the court order the following relief: (1) that the children receive the flu vaccination in 2023 and annually thereafter upon the recommendation of their physician; (2) that Father return the cell phone that Mother had purchased for the children and allow them to use that phone to call either parent when they are not in his or her custody; (3) that the children sleep in the second bedroom that exists in Father's home rather than sleep in Father's bedroom; and (4) that the court appoint a guardian *ad litem* ("GAL").

On May 22, 2023, Father, acting *pro se*, filed an answer to Mother's petition for special relief, wherein he objected to the children being vaccinated with the flu shot and having a cell phone, and he denied that it is in their best interests to modify the Christmas schedule. With respect to Mother's request for the appointment of a GAL, he denied it was necessary.

The essence of Father's responsive pleading was that "it would be more appropriate to address" Mother's requests "in counseling," and that they had not had family counseling since December of 2022. Answer to Petition, 5/22/23, at 5 (unpaginated). Father requested that the court provide the

parties thirty days to agree upon a new family counselor who would address each issue raised by Mother.

The hearing on Mother's petition occurred on June 20, 2023, *via* Zoom. Father represented himself *pro se*, during which he presented testimony on his own behalf and conducted cross-examination of Mother. Mother was represented by counsel, and she testified on her own behalf.

The trial court recognized on the record in open court at the beginning of the hearing that "these issues before me today I would say fall into the category of co-parenting issues where you wouldn't necessarily need to involve the judge. . . ." N.T., 6/20/23, at 5 (cleaned up). Upon inquiry by the court, Mother testified that the parties had not been engaged with family counseling for "a couple months" due to Dr. Link ending it because she was "unhappy with" the way Father treated her. *Id.* at 4-5. Father neither confirmed nor denied Mother's allegation in this regard. Nonetheless, he maintained throughout the hearing that the issues in Mother's petition be resolved in family counseling. Father specifically requested on the record that the court "give us 30 days from the date of the proceeding to agree upon the new family counselor," and he subsequently requested that the court appoint Andrea Serber in that role. *Id.* at 27-28.

By order dated and entered on June 21, 2023, the court granted Mother's aforementioned requests except for the appointment of a GAL, which it expressly denied. With respect to family counseling, the order provided:

> The parties are directed to promptly authorize Dr. Darlene Link, the court appointed professional for family counseling pursuant to ¶ 11(a) of the [September 13, 2019 existing custody order], to provide verification of the parties' participation in family counseling and if she will continue as the treating professional (and if not, the reasons for not continuing).

Order, 6/21/23, at ¶ 2 (cleaned up). In addition, the order indicated the trial court's intent to appoint a parenting coordinator, as follows.

> The Court shall proceed to appoint a Parenting Coordinator **via a separate Order** pursuant to 1915.11-1.[1]
>
> _____
> [1] [Montgomery County Local Rule of Civil Procedure] 1915.11.1(a)(1) [provides that,] after a final custody order has been entered, a judge may appoint a parenting coordinator to resolve parenting issues in cases involving repeated or intractable conflict between the parties affecting implementation of the final custody order.

*Id.* at ¶ 10 (emphasis added). On June 22, 2023, the court entered the separate order for parenting coordination, which provided that the parties equally share the fee of the parenting coordinator.

On July 21, 2023, Father, acting *pro se*, timely filed a notice of appeal from the June 21 and June 22, 2023 orders. Father failed to comply with Pa.R.A.P. 1925(a)(2)(i) and (b) by not contemporaneously filing a concise statement of errors complained of on appeal. Father filed a concise statement on August 13, 2023.[3]

_____

[3] In correspondence to this Court dated August 7, 2023, the trial court requests that we quash Father's appeal due to his failure to contemporaneously file the concise statement with the notice of appeal. We decline to do so inasmuch as there is no *per se* rule requiring it. Indeed, this
*(Footnote Continued Next Page)*

On appeal, Father raises the following questions for review, which we have re-ordered for ease of disposition.

> 1. When the trial court disregards, or fails to enforce issues as stated in prior orders, does that constitute an abuse of discretion?

_____

Court has recognized that the failure to file a concise statement with the notice of appeal constitutes "a defective notice of appeal," and we dispose of such matters on a case-by-case basis. *See In re K.T.E.L.*, 983 A.2d 745, 747 (Pa. Super. 2009). In *K.T.E.L.*, we relied upon *Stout v. Universal Underwriters Ins. Co.*, 421 A.2d 1047 (Pa. 1980), wherein our Supreme Court held, "The extreme action of dismissal should be imposed by an appellate court sparingly, and clearly would be inappropriate when there has been substantial compliance with the rules and when the moving party has suffered no prejudice." *Stout*, 421 A.2d at 1049.

Here, Father filed the concise statement three weeks after the notice of appeal. Neither the trial court nor this Court ordered him to file it. The trial court issued a thorough Rule 1925(a) opinion addressing Father's asserted errors on October 25, 2023. Mother does not raise an objection on appeal, and we discern no prejudice as a result of Father's late filing. Thus, we will not quash or dismiss his appeal on this basis. *Cf. J.P. v. S.P.*, 991 A.2d 904, 908 (Pa. Super. 2010) (holding that appellant waived all issues by failing to file a concise statement of errors complained of on appeal when directed by the trial court).

Further, in its Rule 1925(a) opinion, the trial court notes that Father's concise statement is not sufficiently concise and opined that Father waived his appellate issues for this reason. Trial Court Opinion, 10/25/23, at 13-15; *see also Commonwealth v. Ray*, 134 A.3d 1109, 1114 (Pa. Super. 2016) (explaining that the concise statement "must be sufficiently 'concise' and 'coherent' such that the trial court may be able to identify the issues to be raised on appeal[.]"). Father's concise statement is four-pages single spaced, and we agree that this is not sufficiently concise. Nonetheless, the trial court found Father's concise statement coherent and provided its reasoning underlying the orders in its Rule 1925(a) opinion. Trial Court Opinion, 10/25/23, at 15-28. As such, we deem Father's concise statement sufficiently comprehensible to permit our appellate review, and his claims are not quashed or waived. *See*, *e.g.*, *Ray*, *supra* at 1114.

2.    Did the trial court err as a matter of law and abuse its discretion by denying evidence to be presented prior to the issuance of a final order?

3.    Did the trial court err as a matter of law and abuse its discretion by failing to act in the children's best interests?

4.    When the trial court denies a family court litigant's constitutional rights, does that constitute an abuse of discretion?

5.    Did the trial court err as a matter of law and abuse its discretion by failing to comply with the Judicial Code of Conduct pursuant to Pa. Code Title 207 Chapter 33?

Father's Brief at 11-12 (unnecessary capitalization omitted).[4]

Our standard and scope of review in custody cases are as follows.

We review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad. Because we cannot make independent factual determinations, we must accept the findings of the trial court that are supported by the evidence. We defer to the trial judge regarding credibility and the weight of the evidence. The trial judge's deductions or inferences from its factual findings, however, do not bind this Court. We may reject the trial court's conclusions only if they involve an error of law or are unreasonable in light of its factual findings.

---

[4] In its August 7, 2023 correspondence to this Court, the trial court opined that the June 21, 2023 order is interlocutory and not appealable because it does not dispose of all of the issues in the custody matter. This Court issued a show cause order directing Father to respond to the appealability of the order. *See* Pa.R.A.P. 341(b)(1) (a final order is any order that disposes of all claims and of all parties); *G.B. v. M.M.B.*, 670 A.2d 714 (Pa. Super. 1996) (*en banc*) (a custody order is final and appealable after the trial court has concluded its hearings on the matter and the resultant order resolves the pending custody claims between the parties). Based on Father's response and this Court's review of the record, we discharged the show cause order. Indeed, this appeal is properly before this Court because the June 21, 2023 order resolved the issues raised in Mother's petition for special relief.

***L.L.B. v. T.R.B.***, 283 A.3d 859, 862–863 (Pa. Super. 2022) (citing ***S.W.D. v. S.A.R.***, 96 A.3d 396, 400 (Pa. Super. 2014)).

Father's first issue represents the crux of his claims on appeal, that is, the issues raised in Mother's petition should have been resolved in family counseling and not by the trial court. Specifically, he claims that the court erred by not following the aforementioned June 24, 2022 order which directed the parties "address all non-emergent issues in family counseling, going forward, prior to the filing of a petition with the court." Father's Brief at 31; ***see also*** Order, 6/24/22, at ¶ 2. Father is not entitled to relief.

In its Rule 1925(a) opinion, the trial court responded to this claim, as follows.

> Father's complaint over the failure to address the current disputed issues in family counseling is ironic since the parties ceased to participate in family counseling solely because of the way that Father treated the court-appointed family therapist. . . . As there was no therapist in place, it eliminated Mother's ability to address disputed issues in family therapy.
>
> In turn, upon presentation of the disputed issues to the undersigned via Mother's petition for special relief, the court acted appropriately, addressed each of the issues brought before the court and decided each of them based upon the best interest of the children in accordance with the standard required in a custody case.

Trial Court Opinion, 10/25/23, at 25 (cleaned up; footnote omitted).

The record supports the court's findings insofar as Mother testified that Dr. Link "was not happy with the way she was being treated." N.T., 6/20/23, at 4. Mother clarified, "There w[ere] some issues with the way [Father] was

just belittling her. . . . She was just unhappy with the way he was." ***Id.*** at 5. Because the parties had not retained a new family counselor at the time Mother filed her petition, we discern no error or abuse of discretion by the trial court presiding over the matter.

In his second issue, as best we discern it, Father believes that he could only submit evidence prior to the hearing, and that the court did not provide him "with the means by which evidence could be presented" in this case. Father's Brief at 29. In its Rule 1925(a) opinion, the trial court stated, "Father is likely confusing the process for child support proceedings wherein financial documents are required to be submitted in advance of proceedings." Trial Court Opinion, 10/25/23, at 24, n.28.

Father also argues that the court erred in failing to require that Mother provide emails she alleged reflected the parties' out-of-court Christmas custody arrangement. Father's Brief at 29-30 (citing N.T., 6/20/23, at 23). Father essentially argues that the court's credibility findings in favor of Mother were an abuse of discretion because she did not provide supporting documentation. We disagree.

At the commencement of the hearing, the following colloquy occurred between Father and the trial court.

> [FATHER]: I am not addressing anything in the petition or in my answers. You have them and read them. And I believe that this should be dismissed, or you can schedule a full hearing.
>
> . . .

THE COURT: You were sworn in. And I expect you to answer questions that I ask you during this proceeding.

[FATHER]: I don't have to, Judge.

THE COURT: If you choose not to answer, that's your choice.

[FATHER]: Yes. You can order whatever you want. You continually order against me, Judge. That's just fine.

THE COURT: You're making a choice not to respond —

N.T., 6/20/23, at 7-8. Father subsequently stated:

[FATHER]: Again, Judge, this is not a hearing. So all things should be directed to a hearing where we can submit evidence. I'm sure you're aware of the rule that you continue to ignore the evidence needs to be submitted prior to a hearing before — you know, a certain amount of time before hearing and —

THE COURT: I'm unaware of that rule. I'm unaware of that rule in the custody proceedings.

You may be correct with child support because you're required to provide financial documentation in advance of each proceeding. But I'm unaware of any rule in the custody rules which direct the providing of any "evidence."

*Id.* at 21-22 (cleaned up). Thus, to the extent Father erroneously believes that he was prohibited from presenting evidence during the hearing on Mother's petition, this issue is meritless. Indeed, Father ultimately testified on his own behalf and conducted cross-examination of Mother.

Likewise, we discern no abuse of discretion by the court failing to require that Mother submit emails as proof of the parties' out-of-court Christmas custody arrangement. Mother testified that she and Father did not follow the

- 10 -

schedule for the Christmas holidays set forth in the existing order.  N.T.,
6/20/23, at 17.  Mother explained on direct examination:

> A. I would celebrate Christmas with [the children] every year, and
> [Father] would do Christmas Eve because he always had
> celebrated . . . Christmas Eve with his family.  And I always
> celebrated Christmas [Day] with mine.  And that was an
> agreement that we agreed on in front of [Mother's counsel], and
> it was brought up in counseling as well.  [Father] agreed on it.
> You have the emails.  And now he wants to go back on it.  And I
> don't know why.
>
> Q. So he wants to go back to what Judge Clifford ordered?  Is that
> what you're stating?
>
> A. Correct.
>
> Q. But he hasn't given you an explanation as to why he would like
> to follow Judge Clifford's order, and you are not aware of any
> rationale as to why he wants to change the Christmas [schedule]
> even though you've been following a different schedule for the last
> three or four years?
>
> A. Correct.
>
> THE COURT: Could you just clarify, since my 2019 order —
> I'm looking at the holiday provisions on page 4, Christmas Eve
> and Christmas Day.
>
> Can you just clarify, Mom, what you say you've been doing?
>
> My order says 11 o'clock Christmas Eve to Christmas Day at
> 11:00 and then Christmas Day at 11 until the 26th at 11:00.
>
> Can you clarify that?
>
> [A.] What we have been following is [Father] would have them
> Christmas Eve.  Depending on whether it falls on his day or not,
> he would get them, I believe, at 11.  And then he would keep them
> overnight until Christmas Day at 11.  Then I would pick them up.
> And I would have them Christmas Day.

THE COURT: The same thing, you would have them at 11 until the 26th at 11?

[A.] Yes, correct.

THE COURT: You are observing the same times. [Y]ou each just took one day instead of rotating the day?

[A.] Correct.

*Id.* at 18-19. On cross-examination, Mother testified:

[Father]: Do you have proof of anything that you testified to regarding Christmas. . .?

A. Christmas, yes, because there's emails that were done between you . . . [my legal counsel], and myself, and you agreed to it . . . .

[Father]: That's where it's relevant here, right now.

Do you have them right now?

A. Yeah. They are in my phone.

[Father]: Can you submit them?

THE COURT: She doesn't have to submit them.

. . .

[Mother's counsel]: Objection.

THE COURT: There is no rule that requires emails to be submitted. In fact, we operated in family court for 40 years before there were emails.

. . .

THE COURT: Are you disputing that that's what happened with Christmas and Christmas Eve? Are you disputing that's how you observed those holidays in the past?

[FATHER]: I'm not answering that question, Judge.

- 12 -

*Id.* at 23-24. We discern no abuse of discretion by the trial court crediting Mother's testimony regarding the parties' exercise of custody during the Christmas holiday. Thus, Father's second issue fails.

In his third issue, Father contends that the provisions in the June 21, 2023 order regarding the Christmas holiday schedule, the children's sleeping arrangements, and the children's annual flu shot, are contrary to the children's best interests.[5] Specifically, he baldly asserts that the provisions would cause adverse effect on the children's mental health. Father's Brief at 42. Father contends:

> If anything, and if the court and Mother truly want what is best for the children, they would encourage Father, not order him, to comply with the arrangement proposed by the court. Furthermore, neither party would seek to ruin Father financially by way of support payments which the children are aware of.[6] Yet, through all of this, Father, being the one who has been compliant with all the court orders to date, is constantly ordered to do things against his will by the court. This ultimately has

---

[5] To the extent Father asserts that the trial court erred in failing to consider the best interest factors set forth in 23 Pa.C.S.A. § 5328(a), we disagree. It is well-settled that a comprehensive Section 5328(a) analysis is not necessary when a party merely seeks to modify a "discrete and narrow issue ancillary to a materially unchallenged custody arrangement." *M.O. v. J.T.R.*, 85 A.3d 1058, 1063 (Pa. Super. 2014). Instantly, in her petition, Mother did not materially challenge the custody arrangement set forth in the existing order. It follows that the June 21, 2023 order decided discrete and narrow issues ancillary to the existing order. As such, Father's assertion fails.

[6] Father previously appealed from the December 20, 2022 order denying his exceptions to the hearing officer's child support order which set his support obligation "as $997 per month for 2021 and $983 per month for 2022 and going forward." *Hamaday v. Hamaday*, 305 A.3d 979 (Pa. Super. 2023) (unpublished memorandum).

adverse effects on the children, yet both Mother and the court fail to comprehend this. . . .

*Id.* Father essentially again argues that the issues should be resolved in family counseling.

Father provides no argument with respect to why the Christmas custody arrangement Mother requested is harmful to the children. Therefore, he has failed to make his case on this claim.

Regarding the children's sleeping arrangements, Father argues:

The court ordered that Father is directed to ensure that the children sleep in their own bedroom in his household (separate from his own bedroom). Again, the court fails to comprehend the mental trauma on the children and having this "court ordered" when both Father and the children's school are teaching them that this country stands for freedom and liberty. Having this issue raised by Mother and ruled upon by the court, demonstrates that they do not stand for freedom and liberty, but for control and slavery as there is nothing unlawful about the sleeping arrangement in Father's house.

*Id.* at 40 (cleaned up).

In its Rule 1925(a) opinion, the court stated:

Reduced to bare simplicity, Father has a two-bedroom residence. The two boys should be in their own bedroom, and in their own beds, and Father should be in his own bedroom and in his own bed. The undersigned is not aware of any constitutional right for a parent to sleep in the same bedroom, or the same bed, as their two pre-teenage boys.

Trial Court Opinion, 10/25/23, at 21; *see also* N.T., 6/20/23, at 16 (Mother testified "they cleaned out the other bedroom. And it's now an office for [Father]. And all three of them are in the same [bed]room with the beds pushed together."). The record supports the court's findings. We discern no

- 14 -

abuse of discretion inasmuch as the court concluded that the children should have their own bedroom space separate from Father's bedroom since they reside with him as much as with Mother given the parties' shared custody award. *Id.* at 33-36.

Finally, with respect to the children's annual flu shot, Father baldly asserts that (1) it would cause the children mental trauma and (2) "the years that they did not get the shot, they did not get the flu." Father's Brief at 36. The trial court found as follows.

> Mother testified G.H. was really sick last November, with a high fever, and that she was advised he should have a flu shot due to his asthma by a physician. . . . Mother indicated that Father really provided no explanation for his refusal for the 2023 flu shots. In his testimony, Father offered that having the flu shot is "not necessary" citing to his own non-medical opinion as proof to that point. . . . Finally, he asserts that the [flu] vaccination that the children have gotten for years will now somehow cause them "mental trauma" to receive.

Trial Court Opinion, 10/25/23, at 26 (citing N.T., 6/20/23, at 11-13, 40-41). Upon thorough review, the testimonial evidence supports the court's findings, and we discern no abuse of discretion by the court not requiring Father's approval or consent for the children to receive flu shots. *See* Order, 6/21/23, at ¶ 3.

With respect to his fourth issue, Father argues that the trial court violated his right to liberty under Article 1, § 1 of the Pennsylvania Constitution, which provides:

**§ 1.  Inherent rights of mankind**

- 15 -

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

Pa. Const. Art. I, § 1. Specifically, Father argues that the June 21, 2023 order violates his right to liberty by directing that the children sleep in a bedroom separate from him and the June 22, 2023 order by directing that he pay 50% of the parenting coordinator's fee. Father's Brief at 21-22.

We conclude that this issue is waived because Father has failed to cite any legal authority to support his claim that the June 21 and June 22, 2023 orders violate his constitutional rights. *See* Pa.R.A.P. 2119; ***K.N.B. v. M.D.***, 259 A.3d 341, 352 n.15 (Pa. 2021) (stating that constitutional claims can be waived if an appellant does not develop them "in a fashion that would enable our review.") Even if not waived, we would conclude that Father's issue is without merit because the orders were issued after the evidentiary hearing on Mother's petition and reflect the children's best interests, as discussed above.

Father's fifth and final issue on appeal is waived for failure to develop it. In his concise statement, Father contends that the court did not comply with the following Rules of the Code of Judicial Conduct: 1.3 (avoiding abuse of the Prestige of Judicial Office); 2.2 (Impartiality and Fairness); 2.3 (Bias, Prejudice, and Harassment); and 2.5 (Competence, Diligence, and Cooperation). Concise Statement at 1-2. However, in the argument section

of his brief, Father acknowledged that he raised the same issue in a prior appeal to this Court. Father's Brief at 18; *Hamaday*, *supra*.

In Father's prior appeal, the panel concluded that "this Court lacks jurisdiction to hear any claims that the trial court violated the Code of Judicial Conduct." *Id.* (citing *Reilly v. SEPTA*, 489 A.2d 1291, 1298-1299 (Pa. 1985), *overruled on other grounds by Drake v. Pa. Nat. Mut. Cas. Ins. Co.*, 601 A.2d 797 (Pa. 1992); *see also Commonwealth v. Kearney*, 92 A.3d 51, 62 (Pa. Super. 2014) (explaining that "enforcement of the Code of Judicial Conduct is beyond the jurisdiction of this Court" (citing *Reilly*, 489 A.2d at 1298)). In this appeal, Father declares that he "understands that it is beyond the jurisdiction of the Superior Court to rule on these issues and [he] will not address them further in this Brief." Father's Brief at 18. As such, Father has waived his final issue on appeal by failing to discuss it. *See* Pa.R.A.P. 2119 (providing that the argument section of an appellate brief shall include discussion and citation of pertinent authorities); *see also In re M.Z.T.M.W.*, 163 A.3d 462, 465-466 (Pa. Super. 2017) (citation omitted) (reiterating that a claim is waived where an appellate brief fails to provide any discussion of the claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review).

Based on our thorough review of Father's *pro se* brief on appeal, the trial court's Rule 1925(a) opinion, and the certified record, we discern no

abuse of discretion by the court in fashioning the June 21 and June 22, 2023 orders. Accordingly, we affirm the orders.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/29/2024